Staples, J.,
delivered the opinion of the court.
According to a well-settled rule of the common law, a bond is presumed to have been paid after the lapse of twenty years from the time it becomes due. It is, however, a mere presumption which may be repelled by satisfactory evidence; but in the absence of such evidence, this presumption is of itself sufficient to sustain a plea of payment. If a shorter period than twenty years has elapsed, even a day, this legal presumption does not arise. In such case, however, the lapse of time may be relied on in connection with other circumstances as evidence of payment. 2 Minor’s Institutes, page 886, and cases there cited; 2 Best on Evidence, 696.
The instruction given by the circuit court in this case declares that this rule of the common law has been changed by statute, so that the defendant cannot now rely upon the presumption of payment arising from the mere lapse of twenty years, but the jury may consider the lapse of time as a circumstance or matter of evidence in connection with the other evidence introduced by the defendant under the plea of payment. The statute to which the instruction refers is contained in sections 5 and 19, chapter 149, Code of 1860, and was incorporated in the revisal of 1850. One of .these sec *608 tions prescribes a limitation of twenty years in actions upon bonds, and the other provides that where the bond was executed before the 1st of July, 1850, if a right of action existed that day, the action may be brought within twenty years thereafter. The learned judge seems to have thought that as the statute was passed before a presumption of payment had attached to the bond in controversy, and as the action was brought in 1869, within the time limited by the statute, the defendant could not rely upon the bar of the statute, neither could he rely upon the legal presumption of payment. The instruction is not so clearly drawn as to show with absolute certainty what was meant by the court, but this is the fair inference from the language used. We are of opinion, that the statute in question was not designed to change the rule of the common law. The object was simply to apply to actions, on sealed instruments, a statutory limitation in like manner as to actions on parol contracts, the only difference being that a greater time is allowed in the former case than in the latter.
Where the bond has been executed since the 1st of July, 1850, and has been due twenty years or more, the defendant may rely upon the statutory limitation, or he may waive that and take his chances before the jury upon the mere presumption of payment from lapse of time.
There is no decision in our reports upon this precise point, but the courts have held substantially this doctrine in analogous cases. Eor example, although there is an express statutory limitation with respect to parol contracts in an action upon a promissory note the defendant, without pleading the limitation, may rely upon the presumption of payment after the lapse of twenty years. In Duffield v. Creed, 5 Esp. R. 52, which was an action of assumpsit upon a promissory note, with a plea of pay *609 ment, Lord Ellenbrough said: “If this had been a bond twenty years would have raised a presumption of payment, in which case he would have left the presumption to the jury, and he thought as this note was unaccounted for, the same presumption of payment ought to apply.” There is no doubt that this is the settled doctrine in the English courts. See 1 Phillips on Evidence, page 576 ; 1 Hob. Prac. (hi. E.), page 461, where the authorities are cited. That it is also the rule in this state is manifest from the cases of Tomlin’s adm’r v. Howe’s adm’r, Gilmer R. page 1; Ross v. Darby, 4 Munf. 428; Wells v. Washington’s adm’r, 6 Munf. 532.
If in an action upon an unsealed instrument the defendant may waive the statutory bar and rely upon the presumption of payment arising from lapse of time, there is no good reason why he may not do the same thing in an action upon an instrument which is sealed.
With respect to bonds executed before the 1st day of July, 1850, the limitation under the statute is the same as upon a bond executed and payable the day after the statute took effect, that is to say", the 2d day of July, 1850. This ivas in pursuance to the uniform policy of the legislature to give the statute of limitations a prospective operation, and therefore it is, that in applying the limitation, the lapse of time which accrued before the adoption of the statute is always excluded. Under the provisions of the statute, therefore, an action may be maintained on a bond, although executed more than twenty years before the statute was passed. In such case the obligee cannot be defeated by a plea of the statute, although he might be by the presumption of payment. In thus preserving all the rights of the obligee, it was not intended to impair those of the obligor, nor. to deprive him of any defence he might have made if the statute liad not been passed.
*610 The common law rule already adverted to does not., as the statute, create an absolute bar to the action. It simply raises a presumption of payment after the lapse of twenty years, which the plaintiff- may rebut by evidence. It is a rule of evidence and not of pleading. It is founded upon the idea that m the ordinary course of human affairs it is not usual for men to allow real and well-founded claims to lie dormant a great length of time. Starkie on Evidence, 72. The statute is but an affirmation of this principle. In the present case the bond was executed in 1837, thirteen years before the 1st of July, 1850; the action was broughtin 1869, nineteen years afterwards; so that thirty-two years had elapsed between the date of the bond and the institution of the suit. It can scarcely be supposed it was the intention of the legislature, while adopting a statute for the security of the obligor, to deprive him of the benefit of the common law presumption arising from the lapse of time. The most that the obligee can require is that his right of action shall not be affected by the statute, leaving to the obligor every defence he might have made if the statute had not been passed.
It is said, however, that the defendant was not injured by the instruction, because the evidence clearly rebutted the presumption of payment. This view is fully met by the case of Wells v. Washington's adm'r, 6 Munf. 532. At the trial of that case, on the plea of payment, the defendant moved the court to instruct the jury that twenty years having elapsed between the time when the note became due and the institution of the suit, they ought to presume it paid unless evidence be offered of some acknowledgment of the debt within twenty years, or unless interest or a part payment was proved within twenty years. This instruction was refused, and this court held that refusal to be error, and that the court *611 below could not be justified in refusing to give sucli instruction on the ground that the defendant in his application has not stated the evidence given in the cause, or because, in the court’s opinion, the principle of law did not apply to the case under the circumstances appearing in proof; for this would be undertaking to judge of the weight of evidence of which the jury are the proper judges. And so in the present case, the court ought to have told the jury that more than twenty yearshaving elapsed between the date of the bond and the institution of the suit, they ought to presume it paid unless the defendant rebutted the presumption by satisfactory evidence. Whether the evidence was sufficient for that purpose was a question exclusively for the jury and not the court.
Judgment reversed.'