Richmond.

Bowie v. Poor School Society of Westmoreland and als..

February 17.

1. A deed of trust is given to secure a debt, which is not evidenced by any instrument under seal, and there is no undertaking to pay the debt in the deed. HELD : That though the remedy at law may be barred by the act of limitations, the debt is not thereby extinguished, but the lien of the mortgage continues, and is not affected by any lapse of time short of a period sufficient to raise a presumption of payment.

2. A deed of trust, which is duly recorded, provides for the continued possession of the grantor, and for his taking the rents and profits of the property until the creditor should direct a sale after demand of payment. The possession of the grantor and purchasers from and under him cannot be adversary to the title of the trustee or prejudicial to the rights of the trust creditor unless it becomes actually adverse and hostile by acts of disclaimer open and notorious brought to the knowledge of such creditor or his trustee.

3. A deed of trust to secure a debt is made and recorded in June, 1841. There have been repeated sales of the land since, by the grantor and those claiming under him ; and the purchasers have had no actual notice of the deed of trust down to 1876. HELD : That the presumption of payment from the lapse of time, is repelled by the circumstances proved in the cause.

This was a bill by Walter Bowie, filed in May, 1876, to enjoin the sale of a tract of land called Katon Point, in the county of Westmoreland, under a deed of trust executed the 12th day of June, 1841, and recorded the 24th, by which Robert Murphy and Eliza R., his wife, conveyed to William Hutt the said land in trust to secure the sum of $1,543.34, which the said Murphy had borrowed from the Westmoreland Poor School Society, a body incorporated in

1813. The bill charges that he and those under whom he claims have had actual adversary possession of the said land from the 26th of September, 1843, until the filing of the bill, without actual notice of the deed of trust. That the loan secured by the deed of trust was a simple contract debt; and he prays the benefit of the statute of limitations.

The bill further sets out that Robert Murphy died in April, 1847, and that at a meeting of the board of trustees of the said society on the 18th of April, 1851, on motion of Willoughby Newton, his executor, the estate of Robert Murphy was ordered to be released from $800 of said debt on the condition that Robert H. Chewning should execute a deed of trust to said board, securing the said sum of $800 on real estate ; and this was done, and approved and accepted by the board. That at a meeting of said trustees on the 25th of September, 1871, it was ordered, on motion of said Newton, that $386.52, part of the debt due by said Murphy, be transferred to James Templeman, on condition that he execute a deed of trust on real estate purchased of said Newton, as executor of said Murphy, the said Newton agreeing to make said Templeman a good title to said real estate. And further, that one Robert Mayo, Jr., gave his bond to John T. Rice, treasurer of said society, dated January, 1855, for an amount he had undertaken to pay for Newton, as executor to the society ; which was in part payment of the balance of the debt due by Murphy's estate to the society.

The prayer of the bill is that the plaintiff may be allowed the benefit of adversary possession by himself and those under whom he claims, and of the statute of limitations, and lapse of time, for an injunction to the sale of the land and for general relief. The injunction was granted.

The Westmoreland Poor School Society answered the bill. They say the loan of the money to Robert Murphy was made as stated in the bill, and that it was made, as

therein stated, as a permanent investment; but they deny that the money secured by the said deed has ever been paid, or that there has ever been any revocation or transfer of the debt or any release of said deed of trust. They admit that on the motion of Newton, the executor of Murphy, the said deed was released as to $800, by Robert H. Chewning assuming it and executing a deed to secure it. They say that they did, on the motion of said Newton, order $386.32, part of the said debt, to be transferred to James Templeman, upon the condition that the said Templeman should execute a deed of trust on the real estate purchased by him of Newton as executor of Murphy, the said Newton agreeing to execute a deed to said Templeman for said real estate. But no further steps were taken in the matter. Newton did not convey the said real estate to Templeman, nor cause said Tenpleman to execute the deed of trust in said order mentioned. As to the arrangement between Mayo and Rice, there is no order on their records authorizing it, and Rice had no authority to enter into the arrangement. But they do not believe that Rice ever intended to release any part of the debt of Murphy or to accept in lieu of it the bond of Robert Mayo. His purpose could have been nothing more than to accept payment from Mayo if he paid the money, not to accept him as debtor of the society; which he had no authority to do. They deny all adversary possession of the plaintiff, or those under whom he claims. They say the deed of trust from Murphy was duly recorded, and was notice to said plaintiff and all the world.

The cause came on to be heard on the 15th of October, 1877, when the court dissolved the injunction, and directed the trustee to proceed to sell the land according to the terms of the deed, and report his proceedings, &c. And thereupon Bowie applied to this court for an appeal and *supersedeas;* which was awarded. The facts are sufficiently stated by Judge *Staples* in his opinion.

*R. L. T. Beale,* for the appellant.

*George Walker,* for the appellee.

STAPLES, J. It appears by the record that Robert Murphy, in the year 1841, conveyed a tract of land known as Katon Point in trust to secure the payment of a debt of $1,543.34 due the Poor School Society of Westmoreland county.

In September, 1843, Robert Murphy executed a deed conveying the same land to John H. Murphy. John H. Murphy sold and conveyed it to Thomas Brown in December, 1855, who conveyed to the appellant in January, 1858. All these deeds were *bona fide* and for valuable consideration, the purchasers only having such notice of the deed of trust as was furnished by its recordation.

It is averred and not denied that possession of the land was taken and held by these purchasers successively from the year 1843 down to the present time. Upon this state of facts, and others to be presently mentioned, the appellant applied for and obtained an injunction restraining a sale of the property under the deed of trust of June, 1841, for the benefit of the Poor School Society. That injunction was dissolved by a decree of the circuit court of Westmoreland, from which an appeal was taken to this court.

The various errors assigned in the petition for an appeal will now be considered. And first, it is insisted that the debt secured by the deed of trust is barred by the statute of limitation, there being no express promise to pay contained in the deed, and the deed itself not being evidenced by any bond or other instrument under seal.

In reply to this, it has been very properly said by the counsel for the appellees, that they are not seeking a recovery of the debt by an action at law, but by a sale of the specific property appropriated to its payment by the deed of trust. The mere personal obligation of the debt

is one thing, and a lien by a mortgage or deed of trust upon property, as security for the debt, is another and different thing. Although the remedy at law may be barred by limitation, the debt is not thereby extinguished, but the lien of the mortgage still continues, and is not affected by any lapse of time short of a period sufficient to raise a presumption of payment.

These principles are settled by numerous decisions; among the most recent is the case of *Coles* v. *Withers*, reported in 33 Gratt. 186, and the case of *Smith's Ex'x* v. *The Midland Railroad Company*, decided at the November term of this court. (33 Gratt. 617). We are therefore of opinion the first ground of error is not well taken.

The second point made in the petition is, that the actual adversary possession of the appellant and those under whom he claims from the year 1843 down to the year 1875, under valid deeds of conveyance, in the absence of actual notice of the trust deed, operate as a complete bar to a recovery in an action of ejectment, and confers a perfect title upon the appellant to the land in controversy, as against the claim of the appellees.

In the first place it is to be observed, that by the express provisions of the deed of trust executed by Robert Murphy, he was authorized to continue in quiet and peaceable possession of the land and premises, and to receive the rents and profits, until a sale should be effected in the manner stipulated in the deed, and no such sale could be made except upon request of the Poor School Society after demand of payment.

It is very apparent, therefore, that the possession of the grantor could not, in the nature of things, be tortuous or adversary to the title of the trustee, but was in subordination thereto, and consistent with the express terms of the trust deed. His conveyance to a purchaser, with notice, could pass nothing more than a mere equity of redemp-

tion, and such purchaser can occupy no higher ground than the grantor himself with respect to the incumbered property. And although in the present case the appellant and those from whom he derived title, may have had no actual notice of the trust deed, they have such constructive notice as was derived from the proper recordation of that instrument. For, as has been well said, a purchaser from a mortgagor, where the mortgage is recorded, is a purchaser with notice, which for every purpose essential to the protection of the mortgagee against the mortgage's alienation, is equivalent to direct notice. See Angell on Limitation, § 460; Story's Equity, § 397; *Chreigh's Heirs* v. *Henson,* 10 Gratt. 231; *Clarke* v. *McClure, Ibid,* 305.

In such cases the possession of the purchaser, no matter how long continued, cannot be regarded as prejudicial to the rights of the mortgage or trust creditor, unless it become actually adverse or hostile by acts of disclaimer, open and notorious, brought to the knowledge of such creditor or his trustee. See authorities already cited.

In the case before us, it is very true, the appellant and those under whom he claims, had actual possession of the property under the deed of conveyance; but that possession was inconsistent with the deed of trust executed by the original vendor. If the beneficiaries in that deed did not desire a foreclosure and sale; if they preferred that the debt should stand as an investment, there was no reason for their interference with these purchasers or with their possession. The deed of trust being duly recorded, constituted notice to all the world, and parties dealing with the property were guilty of gross negligence in not examining the records to ascertain whether the property was free from incumbrances which might affect the title. Beyond the mere possession of the appellant and those under whom he claimed, there is nothing in the record to show any such disclaimer or adverse holding as will constitute a disseisin

of the trustee or denial of his title, nor is there anything to show that he, or the beneficiaries under the deed, were ever apprised of any claim to the property inconsistent with the operation and effect of that deed. We are therefore of opinion that the second ground of error is not well taken.

The next question is, whether the lapse of time which has intervened since the execution of the trust deed raises such presumption of payment as entitles the appellant to a perpetuation of his injunction. The general rule is that the lapse of twenty years unexplained creates a presumption of payment; but that presumption may be repelled by circumstances which may account for the delay. As was said by Judge Burks in *Shavely* v. *Pickle*, 29 Gratt. 28, the presumption from lapse of time that will bar the right to enforce a mortgage, when the mortgagor is in possession, is a mere presumption which may be repelled by any circumstances sufficient to satisfy the mind that in the particular case it is ill-founded. 2 Minor's Insts. p. 315, and cases there cited.

In the present case every presumption of payment is rebutted by the facts.

It seems to be conceded that the loan made by the Poor School Society of Westmoreland to Robert Murphy was designed as a permanent investment of a school fund, the interest upon which was to be expended in the education of indigent children of that county. Whether this interest was or was not punctually paid, is not very material to the present inquiry. It is beyond controversy that the continued existence of the debt was recognized by the parties interested, at various times, down to a period as late as the year 1871.

This is substantially admitted in the bill of the appellant, and statements are there made for the purpose of showing that the debt is subject to certain credits, sufficient

for its entire extinguishment.   The payment of $800, made in 1851 by Robert H. Chewning, is conceded by the appellees, and was conceded in the court below.

As to this item there is no controversy.   The credit of $385.52, which the appellant claims as growing out of the arrangement with James Templeman, is, however, not conceded.   It does not appear that this arrangement was ever consummated by the execution of the deed from Willoughby Newton to Templeton on the one hand, or by Templeton's deed of trust on the other.   It would seem therefore very clear that the appellant is not entitled to this credit as a set-off against the debt due the appellees.

It is also claimed by the appellant that a part of the debt due the appellees was assumed by Robert Mayo under some arrangement made with the treasurer of the county, and to that extent the lien of the trust deed was discharged and released.

The only evidence we have bearing on this subject is an exhibit filed with the appellant's bill from which it appears that in the year 1855 Robert Mayo executed his bond to the treasurer of the Poor School Society for the sum of $348.82, which, it is very probable, was a part of the trust debt, but there is not the slightest proof that the treasurer was authorized by the society to make any such arrangement with Mayo, or to accept his obligation in lieu of the deed of trust.

It is scarcely to be supposed that a creditor, holding trust funds secured by him upon real estate, would surrender such lien for the mere personal liability of a third person, without any security whatever.   If the security ever recognized the arrangement with Mayo, or accepted his bond, of which there is no proof, it was doubtless with the understanding that when the money was actually paid by Mayo it should *pro tanto* operate as an extinguishment of the trust debt.   It is not pretended that such payment was made;

and the fact that the bond is now found in the possession of the appellant unsatisfied, would seem clearly to indicate that it was never claimed or received by the appellees in satisfaction of any part of the debt secured by the deed of trust.

Whatever difficulty there may be in the case grows out of the fact that Mr. Willoughby Newton, who was the executor of Robert Murphy, endeavored to obtain a release of the deed of trust by the substitution of other real security in its place. His efforts were only partially successful, as the arrangements were never fully consummated, except as to the credit of $800, which is not controverted by the appellees.

The charge that the appellant has been misled by the conduct of the society is not sustained by any evidence in the record. If he was misled at all, it was by his negligence in failing to make due examination of the records, or in rashly or unadvisedly assuming that the deed of trust had been satisfied or released.

Upon the whole case, we are of opinion that the decree of the circuit court is right, and must be affirmed.

The other judges concurred in the opinion of *Staples, J.*

DECREE AFFIRMED.