## McCORMICK *v.* ELIOT.

### (*Circuit Court, D. Massachusetts.*    October 10, 1890.)

1. LIMITATION OF ACTIONS—FAILURE OF ACTION BROUGHT IN TIME.
   Pub. St. Mass. c. 197, § 13, provides: "If in an action duly commenced within the time limited * * * the writ fails of a sufficient service of return by an unavoidable accident, or by a default or neglect of the officer to whom it is committed, * * * or if a judgment for the plaintiff is reversed on a writ of error, the plaintiff may commence a new action for the same cause at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment." Plaintiff duly commenced an action against defendant by suing out a writ and putting it in the hands of an officer for service. The officer attached the goods of defendant, who was a non-resident, and a notice was given defendant by publication on order of the court. Judgment for plaintiff was reversed on writ of error, and the action ordered dismissed for want of jurisdiction. *Held,* that plaintiff could commence a new action on the same cause within a year thereafter.
2. SAME—RETROSPECTIVE STATUTE.
   Pub. St. Mass. c. 197, § 11, providing that "no action shall be brought by any person whose cause of action has been barred by the laws of any state, territory, or country while he resided therein," containing no words manifesting such intent, is not retrospective.
3. PAYMENT—PRESUMPTION FROM LAPSE OF TIME.
   The lapse of 20 years raises no presumption of payment where the only evidence on the question is the testimony of plaintiff's clerk that the claim was never paid, and it appears that an action was pending during that period to enforce the claim.
4. PRINCIPAL AND AGENT—ACCOUNTING—INTEREST.
   Plaintiff intrusted goods to defendant to sell on commission, rendering accounts monthly. An account was stated by them in settlement. *Held,* that it being a claim by a principal against his agent for money, which the latter was bound to account for and pay over, it bore interest from the time the cause of action accrued.

At Law.

This was an action of contract, brought May 16, 1887, by McCormick, a citizen of Illinois, against Eliot, a citizen of Massachusetts, to recover

the balance of an account stated August 8, 1863, by Eliot and one Fiske with McCormick, amounting to the sum of $2,058.16, and interest. The defendant pleaded (1) a general denial; (2) accord and satisfaction; (3) that the cause of action did not accrue within six years; (4) that, by the statute of limitations of Illinois, the plaintiff's cause of action was barred by the defendant's continuous residence in Illinois for more than 10 years after it accrued, to wit, from April, 1867, to August, 1877. Rev. St. Ill. c. 83, § 15. The plaintiff filed a replication, alleging that within six years after his cause of action accrued, to wit, on October 21, 1863, he duly commenced an action against the defendant for the same cause in the superior court of Massachusetts for the county of Suffolk, and recovered a judgment therein on June 24, 1880, which was afterwards, within one year before bringing this action, to wit, on May 6, 1887, reversed by the supreme judicial court of Massachusetts on a writ of error sued out by the defendant; and, except as aforesaid, denying all the allegations of the answer. At the trial by jury in this court before the district judge, it appeared that the account stated was the result of a settlement by Eliot and Fiske with McCormick for goods intrusted by him to them to sell on commission, rendering accounts monthly; and a person who was in the plaintiff's employment from 1863 to the present time testified that the balance of account sued for had never been paid. The plaintiff, against the defendant's objection, was permitted to put in evidence duly exemplified copies of the judgments of the superior court and of the supreme judicial court of Massachusetts, mentioned in the replication. By the record of the superior court, it appeared that the action in that court was commenced by McCormick against Fiske and Eliot, October 21, 1863, by writ of summons and attachment; that on the same day an officer, as appeared by his return, duly attached all the defendant's real estate in the county, and that the defendants not being inhabitants of this state, nor having any residence therein, and neither they nor any agent, tenant, or attorney of theirs, known to the officer as such, being found in his precinct, he could make no further service of the writ; that the action was continued until April term, 1864, when the court ordered notice to the defendants by publication in a newspaper, and the action was continued to July term, 1864, when it was proved by affidavit that the order of notice had been complied with, and at the end of 10 days thereafter, no appearance having been entered for the defendants, a default was entered against them, and the action was continued for judgment from term to term until April term, 1880, when, on June 24th, the plaintiff discontinued against Fiske, and took judgment against Eliot; that on April 30, 1887, a rescript was sent down by the supreme judicial court on writ of error reversing that judgment. It also appeared that at the time of the attachment Eliot had real estate within the county; and that no execution was taken out on the judgment of the superior court; but that the plaintiff, on November 2, 1881, brought an action in that court on the judgment, which the supreme judicial court held to be maintainable in 138 Mass. 379. By the record of the supreme judicial court, it appeared that the judgment of the superior court was reversed, and the action ordered to be dismissed for want of juris-

diction, for the reasons stated in the opinion reported in 144 Mass. 10, 10 N. E. Rep. 705. It also appeared that the defendant was born in Boston in 1828, and lived there in his father's house, which was his usual place of abode, until 1856, when he went to Iowa, and there lived until April, 1867, when he removed to Chicago, and afterwards constantly resided there until August, 1877, when he moved back to Massachusetts, and lived there ever since; and that the plaintiff lived in Chicago ever since 1852. The defendant, without offering any evidence, thereupon requested the court to rule and instruct the jury as follows:

"(1) If the jury find that Eliot had lived in Massachusetts six years before suit was brought, and after date of settlement, the statute of limitations is a bar to recovery by plaintiff. (2) If the jury find that Eliot lived in Illinois, the state where plaintiff lived, for ten years at any time after settlement made and before this action was brought, then this action was barred by the statute of limitations of Illinois, and is likewise barred by the statute of limitations of Massachusetts. (3) The suit brought in Massachusetts against Eliot in 1863 was not 'duly commenced,' because it does not appear that he had no last and usual place of abode here, known to the officer, and because no service was made upon him personally, and therefore the reversal upon error of the judgment recovered in that suit did not open the bar of the statute of limitations. The Massachusetts court had no jurisdiction of the action brought against Eliot by McCormick, in 1863, and the proceedings in that action were null and void. No valid judgment could have been entered therein. The pretended judgment entered therein was a nullity, and could have been avoided by plea without reversal. Its reversal on error was such only if form. In fact, it was merely a declaration of its nullity, and did not stop the running of the statute of limitations, nor reopen it after it had run. * * * (5) The statute of limitations of Illinois was not interrupted by the pendency of the proceedings in Massachusetts, nor could an action have been maintained in Illinois at any time after the statutory period had run, whether before or after the Massachusetts judgment was declared void. (6) The statute of limitations of Illinois, the plaintiff's domicile, having barred his claim, it is lost altogether, and cannot be sued in the courts of the United States, even in a circuit where the local law refuses to recognize the bar of the statute of another state. (7) The thirteenth section of the Massachusetts statute has no application to cases where the bar of the statute of the plaintiff's domicile has fallen pending proceedings here, which could only have effect as proceedings *in rem.* Such cases are brought within the bar of the Massachusetts statute by the act of 1880, incorporated in the eleventh section, and are not withdrawn from it by the thirteenth section. (8) The expiration of more than twenty years since the cause of action accrued creates a legal presumption of payment, which can only be rebutted by very conclusive evidence, and no evidence capable of rebutting this presumption has been offered in this case. (9) The plaintiff is entitled to interest only from the date of the writ, no demand having been shown. (10) The plaintiff has been guilty of such laches in the prosecution of his claim that he is not entitled to interest, at least during the period from 1863 to 1880, when his suit was pending, without action, in the courts of Massachusetts."

The judge refused so to instruct the jury, but ruled that upon the foregoing evidence the provisions of the statute of limitations could not be set up as a defense to this action; that the burden of proof to show payment rested on the defendant, and that the evidence was not sufficient to sustain this defense; and that the plaintiff, if entitled to recover at all, should recover interest from August 8, 1863, when the account

was stated between the parties. Upon the announcement of these rulings, the defendant did not desire to go to the jury, but submitted to a verdict for the plaintiff for the sum of $5,150.10, and alleged exceptions, which were allowed by the court, as well to these rulings as to the refusal to instruct as requested. The defendant moved for a new trial for misdirection in matter of law, and upon this motion the parties, by stipulation in writing, submitted the questions of law arising upon the bill of exceptions to this court for final decision, and waived the right to sue out a writ of error.

*Melville M. Weston* and *Henry W. Chaplin*, for plaintiff.
*George Putnam* and *Conrad Reno*, for defendant.
Before GRAY, Justice, and NELSON, J.

GRAY, Justice, (*after stating the facts as above.*) Actions in the courts of the United States are doubtless governed by the statute of limitations of the state in which the court is held, as construed by the highest court of the state. *Bank* v. *Eldred*, 130 U. S. 693, 9 Sup. Ct. Rep. 690; *Moores* v. *Bank*, 104 U. S. 625. By section 1 of the Massachusetts statute of limitations of personal actions, (Pub. St. c. 197,) actions of contract founded upon contracts or liabilities not under seal, express or implied, except actions upon judgments of courts of record, must be commenced within six years next after the cause of action accrues. By section 13 of the same statute—

"If, in an action duly commenced within the time limited and allowed in this or the preceding chapter, the writ fails of a sufficient service or return by an unavoidable accident, or by a default or neglect of the officer to whom it is committed, or if the writ is abated or the action otherwise avoided or defeated by the death of a party thereto, or for any matter of form, or if after a verdict for the plaintiff the judgment is arrested, or if a judgment for the plaintiff is reversed on a writ of error, the plaintiff may commence a new action for the same cause at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment; and if the cause of action by law survives, the executor or administrator of the plaintiff may commence such new action within said year."

By the law of Massachusetts, as declared by the supreme judicial court, service on the defendant is not necessary to the commencement of an action, but an action is duly commenced by suing out a writ and putting it in the hands of an officer, with intent that it shall be forthwith served; and, according to the settled construction of the saving clause in the statute of limitations, above quoted, if an action, duly commenced within the period of limitation, afterwards fails for want of due service by reason of a mistake as to the residence of the defendant, (*Bullock* v. *Dean*, 12 Metc., Mass., 15;) or by non-entry of the writ by a mistake of the clerk, (*Allen* v. *Sawtelle*, 7 Gray, 165;) or if a judgment recovered therein is judicially declared erroneous, and as such void and held for naught, whether by a technical reversal or otherwise,—the plaintiff may bring a new action within one year after the failure of the action or the setting aside of the judgment, (*Coffin* v. *Cottle*, 16 Pick. 383,) even if the first action was dismissed for want of jurisdiction of the court in which it was brought, (*Woods* v. *Houghton*, 1 Gray, 580.) And it has been so held

by our predecessors, Mr. Justice CLIFFORD and Judge LOWELL, in this court. *Caldwell* v. *Harding*, 1 Low. 326. In the case at bar, the first action was "duly commenced" by suing out the writ, and putting it into the hands of an officer for service. The service was sufficient to make the judgment, until and unless reversed by writ of error, conclusive against the defendant, according to a uniform series of decisions of the highest court of the state, the last of which was rendered in 1885, in an action between these parties on this very judgment. *McCormick* v. *Fiske*, 138 Mass. 379. And this judgment was reversed by that court on writ of error in *Eliot* v. *McCormick*, 144 Mass. 10, 10 N. E. Rep. 705, in which it was for the first time intimated (what has been since adjudged in *Needham* v. *Thayer*, 147 Mass. 536, 18 N. E. Rep. 429) that, under the fourteenth amendment of the constitution of the United States, and the decisions of the supreme court in *Pennoyer* v. *Neff*, 95 U. S. 714, and *Freeman* v. *Alderson*, 119 U. S. 185, 7 Sup. Ct. Rep. 165, a judgment rendered against an absent defendant on such a service was wholly void, except as to the property attached. This case is therefore within both the letter and spirit of section 13, c. 197, Pub. St. Mass.

It is equally clear that no presumption of payment from the lapse of 20 years can arise in this case, in which the only evidence bearing upon this question is the testimony of the plaintiff's clerk that the claim was never paid, and the records showing uninterrupted attempts by the plaintiff to enforce it by judicial process. The case falls within the opinion of the court in *Allen* v. *Sawtelle*, above cited:

"It is certain that the plaintiff did not mean to permit his debt to remain for such length of time as would bar him from its recovery without an attempt to enforce it. He used the diligence required by the law when he instituted his first suit against the defendant. That was defeated through no negligence or inattention of his own, and therefore there was no forbearance or delay from which a presumption could arise that the debt had already been in some way paid or discharged. Having been defeated in his first suit by a matter not affecting the merits of his claim, he has a right, since he seasonably proceeded with the second, to prosecute it to a regular conclusion." 7 Gray, 166.

The defendant further relies on the provision of the statute of Massachusetts of 1880, c. 98, re-enacted in Pub. St. c. 197, § 11, that "no action shall be brought by any person whose cause of action has been barred by the laws of any state, territory, or country while he resided therein." But this statute, containing no words manifesting an intent of the legislature to give it a retrospective operation, must, like other statutes of limitation, be construed as prospective only, and therefore inapplicable to this case, in which the only residence of the defendant in Illinois was before its passage. *Murray* v. *Gibson*, 15 How. 421; *Sohn* v. *Waterson*, 17 Wall. 596; *King* v. *Tirrell*, 2 Gray, 331; *Dickson* v. *Railroad Co.*, 77 Ill. 331.

This being a claim by a principal against his agent, for money which the latter was bound to account for and pay over, clearly bears interest from the time that the cause of action accrued. *Dodge* v. *Perkins*, 9 Pick. 368; *Foote* v. *Blanchard*, 6 Allen, 221. Judgment on the verdict.