# Richmond.

ALLISON'S EXECUTOR v. WOOD.

January 18, 1906.

Absent, Cardwell, J.

1. APPEAL AND ERROR—*Jurisdictional Limit—Change of Law before Appeal.*—A judgment for four hundred dollars was rendered by a Circuit Court in a contested action at law December 8, 1903, but the court did not adjourn till December 19, 1903. The statute reducing the minimum jurisdictional amount of this court in matters merely pecuniary became operative December 10, 1903.   Acts, 1902-'3-'4, p. 590.

*Held*:

A writ of error lies to said judgment from this court. The judgment did not become final until after the statute became operative. Moreover the statute is reme dial in its nature, and its language broad enough to cover judgments rendered before as well as after its passage, and the right of appeal depends upon the law in force at the time it is granted and not when the judgment was rendered.

2. EVIDENCE—*Presumption of Payment—How Repelled—Irregular Legal Proceedings.*—The presumption of payment arising from the lapse of time is a mere presumption of fact which may be repelled by proof of any facts and circumstances which reasonably tend to establish the improbability of payment.   The record of an action at law and an ancillary attachment founded on a debt in which a personal judgment was taken against the defendant, without service of process, is legitimate evidence to repel the presumption of payment arising from mere lapse of time, although the personal judgment is a void judgment.   Such evidence tends to show that the plaintiff had not abandoned his claim but had actively, though unsuccessfully, endeavored to collect it through the medium of the courts.   The plaintiff should not be restricted to showing merely the issuing and levy of an execution on such judgment, but should be allowed to introduce the entire record.

3. EVIDENCE—*General Reputation—Particular Acts—Community Opinion.*—Evidence of particular opinions and particular acts is inadmissible to prove general reputation. Adequate knowledge of the prevailing opinion as to the possession of the characteristics sought to be established is an essential prerequisite to qualify a witness to testify as to general reputation on the subject.

Error to a judgment of the Circuit Court of Culpeper county, in an action of debt. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Barbour & Rixey,* for the plaintiff in error.

*Grimsley & Miller,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

On May 25, 1873, the defendant in error, Wood, executed a bond for $140.00, payable one day after date to Allison, plaintiff in error's testator, at which time both the obligor and obligee resided in Washington county, Virginia. Allison died in the year 1879, and the same year Wood removed from Washington county and settled in the Valley of Virginia, where he remained until the year 1883 or 1884, when he became a resident of the State of North Carolina. After his removal to North Carolina it was his custom to make occasional trips to Virginia, varying from a week to a month in duration, for the purpose of dealing in live stock.

The bond was found among Allison's papers after his death, and in the year 1901 his executors, taking advantage of one of Wood's periodical visits to Virginia, instituted an action of debt thereon against him in the Circuit Court of Culpeper county. There was a verdict and judgment for the defendant, and the plaintiff brings error.

We are met at the threshold of the inquiry by a motion to dismiss the writ of error on the ground that the sum in controversy is less than $500, which, it is alleged, was the minimum amount of which this court had jurisdiction at the date of the judgment.

The judgment was rendered December 8, 1903, at which date the debt amounted to about $400. Two days thereafter, on December 10, 1903, by an act of the General Assembly, which took affect from its passage, the jurisdiction of the court was enlarged so as to include cases in which the matter in controversy amounted to $300, exclusive of costs. The Circuit Court adjourned for the term on December 19, 1903. The question to be determined, therefore, is, whether section 3455 of the Code (fixing the jurisdictional amount of this court at $500, which was in force on December 8, 1903, when the judgment was rendered), or that section as amended (reducing the minimum jurisdictional sum to $300, which became effective on December 10, 1903, two days after the judgment was rendered, but nine days before the court adjourned), is to govern the right of appeal in this instance.

The amended statute (Acts, 1902-3-4, p. 590—sec. 3455 Va. Code, 1904) provides, that "No petition sall be presented for an appeal from, or writ of error or supersedeas to, any final judgment, decree or order  . . .  which shall have been rendered more than one year before the petition is presented,  .  . nor to a judgment, decree, or order of any court where the controversy is for a matter less in value or amount than three hundred dollars, exclusive of costs."

The act, it will be observed, deals with writs of error to *final judgments,* and by the rule of the common law no judgment becomes final until the end of the term at which it is rendered.

The rule is thus stated in the case of *Baker* v. *Swineford,* 97 Va. 112, 33 S. E. 542: "At common law no judgment became final until the end of the term at which it was rendered, regardless of the duration of the term, and until final

no court could direct an execution to issue on it.   Section 3600 of the Code, however, confers on courts authority to direct executions to issue on judgments under the conditions therein set forth, but such judgments do not thereby become final so as to deprive the court, during the term, of the power to correct, or if need be, annul them if erroneous."

It is true that for certain purposes a judgment takes effect from its date: e. g., it constitutes a lien on the real estate of the judgment debtor from that time (Va. Code, 1904, sec. 3567) ; and with respect to the limitation on appeals, this court, in accordance with the language of the statute, has held that time is to be computed from the date at which the judgment was rendered. *Buford* v. *North Roanoke Land Co.*, 94 Va. 616, 27 S. E. 509.

But a different principle obtains in determining the right of appeal.   During the term of the court at which the judgment is rendered, the trial court is clothed with exclusive jurisdiction over it, and may, in its discretion, modify, amend or annul the same, and the jurisdiction of this court does not attach until after that jurisdiction of the trial court has terminated.

The due and orderly administration of justice demands the observance of the line of demarcation between the jurisdiction of trial courts and the jurisdiction of this court, and, in the absence of special statutory provision to the contrary, the jurisdiction of the former must cease before the jurisdiction of the latter accrues.   The tendency of the rule is to prevent the confusion which might otherwise result from investing different tribunals with jurisdiction over the same subject at the same time.

But there is another quite sufficient reason why the right of appeal in this case is controlled by the amended act.   The statute is remedial in its nature, and its language is sufficiently comprehensive to apply as well to judgments rendered before as to those rendered since its passage.

The rule of construction in such case is thus stated in 2 Cyc.,

pp. 553-4: "Generally, a provision imposing a pecuniary limitation upon appellate jurisdiction, without an express exception made to exempt particular cases from its operation, applies to causes pending before the adoption of the provision, upon the principle that the right is a mere privilege and not a vested right. Even when judgment is rendered before the passage or taking effect of the act, the pecuniary provision applies if appellate proceedings have not already been instituted. But such general provision is not applicable to cases in which appeals have been perfected or writs of error sued out before the adoption or taking effect of the act."

See also Idem, p. 521, n. 92, where it is said, that the right of appeal depends upon the law in force at the time the appeal is granted, and not when the judgment was rendered.

That is the view taken by this court in the case of *McGruder* v. *Lyons,* 7 Gratt. 233, where it is held, that "the act of the Code limiting appeals to the Court of Appeals to $200, applies to cases decided before the act went into effect, where the application for an appeal is made since." The case arose under Ch. 182, sec. 3, p. 683 of the Code of 1849, which, on the point involved, is substantially the same as the present statute. In construing it, Judge Allen observes: "The words are general, and as they merely apply to the remedy, they extend to and comprehend all petitions to this court, or a judge thereof in vacation, for an appeal, writ of error or supersedeas, whether the judgment, decree or order was prior to or after the 1st July, 1850, when the new Code took effect."

We are, therefore, of opinion that the objection to the jurisdiction of this court is not well taken.

On the merits, the defendant rested his case upon the presumption of payment from lapse of time. Whereupon, to repel that presumption, the plaintiff offered in evidence a copy of the record in an action at law, and an ancillary attachment proceeding, instituted in March, 1881, in the Circuit Court of Rockingham county, Virginia, against Wood, on the bond in

controversy, including the judgment erroneously rendered in behalf of the plaintiffs in that action, and sundry executions issued upon the judgment, which had been sent to various counties of the State in the effort to reach property of the defendant. But it appeared that the defendant was never legally served with process in the action, and upon that ground the court excluded the record, and would not suffer it to be read to the jury.

The evidence was not offered upon the hypothesis that the record was binding upon the defendant; but was intended, along with other circumstances, to exclude the conclusion that might be drawn from lapse of time unaccompanied by an effort on the part of the plaintiffs to enforce their demand, that they tacitly admitted payment of the bond.

Presumption of payment arising from lapse of time is a presumption only of fact, which may be repelled by evidence or circumstances tending to show non-payment; in which respect it differs from the bar created by the statute of limitations which is conclusive though the debt has not been paid. Upon such issue facts and circumstances which reasonably tend to establish improbability of payment are always admissible. Thus it has been held, "that the institution of legal proceedings, though irregular, by the creditor within the time relied on to raise the presumption of payment, would rebut such presumption which might otherwise have arisen." 22 Am. & Eng. Ency. of Law (2nd Ed.), p. 605.

The text is sustained by the following cases: *McCormick* v. *Eliot,* 43 Fed. 469; *Allen* v. *Sawtelle,* 7 Gray (Mass.) 165; *McCullough* v. *Montgomery,* 7 S. & R. (Pa.) 17; *James* v. *Jarrett,* 17 Pa. St., 370; *Palm* v. *Bushnell* (Sup. Ct. Spec. 7), 18 Civ. Pro. (N. Y.) 56, 13 N. Y. Supp. 785; *Wilson* v. *Pearson,* 102 N. C. 290, 9 S. E. 707.

But it is said, "such proceedings should not be allowed to

have this effect if instituted for the sole purpose of repelling the presumption of payment, and not in good faith, with the sincere object of recovering the debt claimed." *James* v. *Jarrett, supra.*

The rejected record tended to rebut the presumption of payment by showing that the plaintiffs had not abandoned their claim, but had actively and persistently, though unsuccessfully, endeavored to collect it through the medium of the courts. It was, therefore, admissible, pertinent evidence for that purpose, and the Circuit Court erred in excluding it.

It is true that the court admitted testimony showing that an execution, issued on the void judgment, had been levied by the sheriff of Culpeper county upon cattle belonging to the defendant and found in that county, but that was only a link in the chain of testimony and did not cure the error complained of. The plaintiffs were entitled to submit the entire record, and not an isolated part of it, to the consideration of the jury.

The admission by the Circuit Court, over the objection of the plaintiffs, of the testimony of witnesses for the alleged purpose of proving the general reputation of the defendant for financial ability and promptness in meeting his obligations is also assigned as error.

The witnesses relied on for that purpose resided in Culpeper county, Virginia, and confessedly did not know the general reputation of the defendant in the community in the particulars referred to. The facts which the testimony tended to prove—that the defendant, during his periodical visits to Culpeper county, paid his hotel bills, drug bills and other incidental expenses—were plainly inadmissible to establish general reputation for financial standing and promptness in paying debts. The general reputation of the defendant in the community in regard to the possession of the characteristics attributed to him, was the ultimate fact to be established, and adequate knowledge of the prevailing opinion on the subject is a prerequisite to the admissibility of such evidence. The authorities are prac-

tically agreed that evidence of particular opinions and particular acts is inadmissible to prove general reputation. See 16 Cyc. 1273, and note 89, where the subject is discussed and authorities cited. See also *Carter* v. *Com'th,* 2 Va. Cas. 169.

Tested by the foregoing principle, the evidence in question was inadmissible, and ought to have been excluded.

There were other assignments of error, but they need not be noticed as they involve questions not likely to arise on the next trial of the case.

The judgment of the Circuit Court must be reversed and annulled, the verdict of the jury set aside, and the case remanded for a new trial to be had not in conflict with this opinion.

*Reversed.*