# Wytheville.

## EUGENE MARABLE v. COMMONWEALTH.

### June 11, 1925.

Argued before Judge Chichester took his seat.

1. INTOXICATING LIQUORS—*Possession of Still—Evidence Sufficient to Sustain Conviction.*—Accused was convicted of the unlawful ownership and possession of a still. Most of the incriminating facts were uncontradicted, and accused's denial of his guilt was substantially all that was relied upon in a motion to set aside the verdict. Accused was arrested as he approached and was in a few feet of the still. He attempted to evade arrest by flight and at a later time that day did escape, but surrendered a few days thereafter. Therefore, there was little reason to question the correctness of the jury's conclusion that he was guilty of the offense charged.

2. INTOXICATING LIQUORS—*Evidence—Rebuttal of Evidence of Reputation—Evidence to Show that Accused was Engaged in a Legitimate Business—Case at Bar.*—Accused was convicted of the unlawful ownership and possession of a still. To counteract the overwhelming testimony that the reputation of accused was notorious as a violator of the prohibition law, accused offered about twenty receipts from persons living in Maryland and Washington showing the purchase of mules, harnesses, wagons, etc., covering a period of about eighteen months, alleged to have been used by accused in his business as a road contractor in Maryland during that period.

   *Held:* That the trial court did not err in refusing to receive this evidence. Some of it was too remote in point of time, and all of it raised immaterial and inconsequential issues before the jury. There was no apparent inconsistency between the legitimate business of accused in Maryland and the illegitimate business in Virginia.

3. INTOXICATING LIQUORS—*Reputation as a Violator of the Prohibition Act—Place of Reputation—Case at Bar.*—Accused was convicted of the unlawful ownership and possession of a still and assigned as error the introduction of testimony as to his reputation as a violator of the prohibition law, on the ground that as he had not resided for several years in the county where he was convicted before the time of the alleged offense, he could not have acquired such a reputation in that county, and that the testimony should have been limited

to his reputation in the city in which he resided. Accused owned property in the county which he frequently visited, and had actually acquired this reputation there.

*Held:* That the evidence of reputation was admissible.

4. INTOXICATING LIQUORS—*Character in Evidence—Reputation as a Violator of the Prohibition Act—Place of Reputation.*—In these days of rapid transportation, one may easily acquire a reputation, good or bad, in places which he frequents, and this without any special reference to the place which he claims as his legal residence.

Error to a judgment of the Circuit Court of Prince George county.

*Affirmed.*

The opinion states the case.

*R. T. Wilson* and *Richard H. Mann,* for the plaintiff in error.

*Attorney-General Jno. R. Saunders, Assistant Attorney-General Leon M. Bazile* and *Lewis H. Machen,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The accused has been convicted under an indictment which charged him with the unlawful ownership and possession of a copper still, still cap, worm, tubs, fermenters, and other appliances used, mash and other substances capable of being used, in the manufacture of ardent spirits, and is here assigning several errors.

[1] 1. One of these assignments is that the court erred in refusing to set aside the verdict because the evidence was insufficient.

We do not think it is necessary, in this connection, to recite the evidence in detail. His own denial of his guilt is substantially all that is relied upon, because most of the incriminating facts are uncontradicted.

He was apprehended November 8, 1923, by several officers as he approached and was in a few feet of the still, attempted by flight to evade arrest and at a later time that day did escape from custody, but surrendered a few days thereafter. There is little reason to question the correctness of the jury's conclusion that he is guilty of the offense charged.

[2] 2. Among the assignments is that based on the refusal of the court to permit the introduction of about twenty receipts from persons living in or near Leonardtown, Md., and Washington, D. C., covering the period from June 2, 1922, to December 14, 1923, showing the purchase of certain mules, harness, wagons and feed for the mules, alleged to have been used by the accused in his business as a road contractor in Maryland during that period. The avowed purpose in introducing these receipts was to counteract the overwhelming testimony that the reputation of the accused was notorious as a violator of the prohibition law, the suggestion being that these receipts showed him to have been engaged in a legitimate business, and thus tended to discredit the adverse testimony as to his notoriously bad character as a violator of this law.

We know of no rule of law which could justify the introduction of such evidence. Some of it was too remote in point of time, and all of it raised immaterial and inconsequential issues before the jury. There was no apparent inconsistency between his business in Maryland and his illegitimate ventures in Prince George county, and such evidence had no probative value in this case. He owned a farm in Prince George county in the immediate vicinity of the still, and had lived in that county for several years at some time preceding his arrest. His family lived in Petersburg, a short distance away, he habitually visited them every

two weeks, and he was well known in Prince George county. His business transactions in Maryland were irrelevant and immaterial, and the court correctly so held.

3. Several of the instructions given and refused are criticised. As they present no novel questions and refer to propositions of law which have long been settled, we do not think it necessary to discuss them in detail. The court gave five instructions at the instance of the prosecution, two upon motion of the accused, and two of its own motion. These instructions follow the established precedents and protect every substantial right of the accused. If the jury had believed his testimony and that of his chief witness who was arrested a few minutes before he was, at the still, they would have acquitted him, and the instructions fairly referred this question to the jury. The propositions of law contained in the instructions offered by the accused, which were refused, are sufficiently covered in the nine instructions which were granted.

[3, 4] 4. There is an assignment as to the admission of the testimony of five witnesses as to the reputation of the accused as a violator of the prohibition law. If we understand this exception, it is that inasmuch as the accused had not resided in Prince George county for several years before the time of the alleged offense, therefore he could not have acquired such a reputation in that county, and that the testimony should have been limited to his reputation in the city of Petersburg, in which he resided. It seems to us that to state this objection is in itself a sufficient refutation of the point. The accused had previously lived in Prince George county, at the time of the offense he lived only a few miles away in the city of Petersburg, owned property in the county, which he frequently visited, and had

actually acquired this reputation there. In these days of rapid transportation, one may easily acquire a reputation, good or bad, in places which he frequents, and this without any special reference to the place which he claims as his legal residence.

None of these assignments could justify this court in reversing the judgment, and perhaps we have accorded them more attention than they deserve.

*Affirmed.*