# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## JOE THURPIN v. COMMONWEALTH.

March 17, 1927.

1. INTOXICATING LIQUORS—*Former Conviction—Evidence Insufficient to Support Conviction of Felony—Burden of Proof to Show Former Conviction—Case at Bar.*—In the instant case, a prosecution for violation of the prohibition act, while the evidence of the Commonwealth, if believed, was ample to sustain a conviction of misdemeanor, it was insufficient to support a conviction of felony. The burden was on the Commonwealth to prove beyond a reasonable doubt not only that accused violated the law in July, 1924, as charged in the indictment of 1924, but that he had been convicted of a prior violation of the law, before he could be convicted of a felony. This the Commonwealth failed to do.

2. INTOXICATING LIQUORS—*Former Conviction—Proof of Former Convicton—Record.*—In the instant case accused, on an indictment for violation of the prohibition act, was convicted of a felony. The "record of a former conviction" was not made a part of the record in the instant case. There can be no other proof of a former conviction than the record.

    *Held:* That the Commonwealth having failed to carry the burden which the law placed upon it in regard to proof of a former conviction, the verdict must be set aside and the judgment reversed.

3. INTOXICATING LIQUORS—*Improper Questions by the Commonwealth's Attorney to the Accused on Cross-Examination—Statement of Facts by Commonwealth's Attorney not Supported by the Evidence—Case at Bar.*— In the instant case, a prosecution for violation of the prohibition act, the attorney for the Commonwealth, over the objection of the accused, was allowed to ask the accused on cross-examination the following questions: "You know you are a bootlegger. You know you are a head of a gang of bootleggers. You know that you have liquor runners all over Arlington county and that the police have raided your place a number of times? You have been living with Lucy Robertson, who was convicted of violating the prohibition law here yesterday and whose house is a bootleggers' headquarters and you have been hanging up with bootleggers all the time?"

    *Held:* That the questions were highly improper being in the nature of testimony and an argument by the Commonwealth's attorney.

Moreover, they related to collateral matters, and the Common-wealth was bound by the negative answers of the accused.

4. WITNESSES—*Cross-Examination—Collateral Matters—Contradicting Witness.*—In order to avoid an interminable multiplication of issues, it is a settled rule of practice that when a witness is cross-examined on a matter collateral to the issue, he cannot, as to his answer, be subsequently contradicted by the party putting the question.

5. INTOXICATING LIQUORS—*Argument of Counsel—Argument not Supported by the Evidence—Case at Bar.*—In the instant case the court permitted the Commonwealth's attorney, over the objection of accused, to state in his argument that accused was under bond in the District of Columbia for violating the prohibition law; that he had been raided in the District of Columbia several times by officers in search of liquor; that he was the head of a gang of bootleggers and that he was known to be a liquor runner. There was no evidence upon which the attorney for the Commonwealth could base these statements. The court overruled accused's objection to these statements but later instructed the jury not to consider them.

   *Held:* That the court erred in overruling the objection of the accused in the first instance.

6. APPEAL AND ERROR—*Argument of Counsel—Trial Court Instructing Jury to Disregard Argument.*—Generally speaking, the Supreme Court of Appeals will not, where the trial court corrects the statement of counsel and instructs the jury to disregard it, reverse the judgment. But there are cases in which the effects of improper statements by counsel cannot be fully overcome by a direction to the jury to disregard such statements. However, appellate courts hesitate to interfere by granting a new trial, except where the prosecuting attorney has so clearly departed from the line of legitimate procedure that any reasonable person will conclude that the jury were certainly prejudiced thereby.

7. INTOXICATING LIQUORS—*Jury—Evidence—Smelling and Examining Contents of Jar Containing Liquor.*—In a prosecution for the violation of the prohibition act, the court did not err in allowing the members of the jury, in the presence of the court, to smell and examine the contents of a jar containing liquor.

8. INTOXICATING LIQUORS—*Reputation of Accused—Reputation in Other Jurisdictions.*—In a prosecution for violation of the prohibition act, the Commonwealth had the right to prove the general reputation of the accused as a violator of the prohibition law in the District of Columbia.

9. INTOXICATING LIQUORS—*Reputation of Accused—Particular Acts.*—In a prosecution for violation of the prohibition act, a witness for the Commonwealth, during his direct examination, when asked the general reputation of the accused, as a violator of the prohibition act, replied: "I am informed that he has been raided several times in

Washington, D. C., and that he is now under bond for violation of the prohibition law over there."

*Held:* That the admission of this reply was error.

10. CHARACTER IN EVIDENCE—*General Reputation—Particular Acts.*—Evidence of particular opinions and particular acts is inadmissible to prove general reputation.

Error to a judgment of the Circuit Court of Arlington county.

*Reversed.*

The opinion states the case.

*W. C. Snow* and *Barbour, Keith, McCandlish & Garnett,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Joe Thurpin was convicted of violating the prohibition law, second offense, and sentenced to the penitentiary for five years.

The first indictment was found in November, 1921, and the indictment in the instant case was returned in October, 1924. The indictment in 1921 contained two counts, the first count being in the omnibus form authorized by the statute and the second charging that the accused unlawfully received more than one quart of distilled liquor within a period of one month.

The indictment in 1924 charged that the accused on the 20th day of July, 1924, "feloniously did manufacture, sell, keep, transport, store and expose for sale ardent spirits."

The penalty for a first conviction of the offense charged in the first count of the indictment of 1921, which is declared a misdemeanor, is a fine of not less than $50.00 nor more than $500.00, and confinement in jail not less than one nor more than six months, except that the sale of any ardent spirits, or transportation thereof, in excess of one gallon, shall be punished by a fine of not exceeding $500 and confinement in jail not less than three nor more than twelve months. The penalty for any subsequent offense committed after the first conviction, which is declared a felony, is confinement in the penitentiary for not less than one nor more than five years, or, in the discretion of the jury, by confinement in jail not less than six months nor more than twelve months, and by a fine not exceeding $500. Acts 1924, chapter 407, section 6, page 594.

The accused excepted to several rulings of the court, the most important of which was its refusal to set aside the verdict of the jury as contrary to the law and the evidence.

The Commonwealth proved by the testimony of Howard W. Fields, sheriff of Arlington county, the following facts: On July 20, 1924, the witness saw Joe Thurpin traveling the county road in Arlington county with a half gallon jar of liquor. When he spoke to him, Thurpin dropped the jar into a ditch. Fields arrested Thurpin, but he got away from him and went to Washington and was not seen by the sheriff for nearly two years. Fields immediately took possession of the jar of whiskey and it was introduced as evidence upon the trial. Thurpin had a bad reputation as a violator of the prohibition law.

It appears in the record that "the Commonwealth then offered in evidence the record of a former conviction of Joe Thurpin in said court for a violation of

the prohibition law, and proved the same by William H. Duncan, clerk of said court.    Whereupon the Commonwealth rested its case."

The accused, testifying in his own behalf, said he did not have any liquor in his possession the day the sheriff claims to have seen him transporting liquor. He also stated that he ran away because he was afraid he would be locked in jail.

[1] While the evidence of the Commonwealth, if believed, is ample to sustain a conviction of misdemeanor, it is insufficient to support a conviction of felony.    The burden was on the Commonwealth to prove beyond a reasonable doubt not only that he violated the law in July, 1924, as charged in the indictment of 1924, but that he had been convicted of a prior violation of the law, before he could be convicted of a felony.

[2] The "record of a former conviction" is not made a part of the record in the instant case, and there is no other proof of a former conviction.    The Commonwealth having failed to carry the burden which the law placed upon it in that respect, the verdict will be set aside and the judgment reversed.

[3] The accused complains of the action of the court in allowing the attorney for the Commonwealth, over his objection, to ask the accused on cross-examination the following questions, and in refusing to instruct the jury to disregard the questions and answers, to-wit:

"You know you are a bootlegger.    You know you are a head of a gang of bootleggers.    You know that you have liquor runners all over Arlington county and that the police have raided your place a number of times?"

"You have been living with Lucy Robertson, who was convicted of violating the prohibition law here

yesterday and whose house is a bootleggers' head-
quarters, and you have been hanging up with boot-
leggers all the time?''

The answer of the accused to each question was in
the negative.

The form of these questions was highly improper.
They were more in the nature of testimony and an
argument by the Commonwealth's attorney before the
taking of the testimony had been completed and con-
tained statements of facts not supported by the evi-
dence.   The court erred in not requiring the attorney
for the Commonwealth to put his questions in the
usual form, interrogating the witness as to each matter
concerning which he wished him to testify.   Besides,
the questions related to collateral matters, and the
Commonwealth was bound by the negative answers of
the accused.   *Murphy* v. *Commonwealth*, 23 Gratt. (64
Va.) 960; *N. & W. Ry. Co.* v. *Carr*, 106 Va. 513, 56 S.
E. 276.

[4] In *N. & W. Ry. Co.* v. *Carr*, *supra*, the court
quotes from Wharton on Evidence as follows: "In
order to avoid an interminable multiplication of issues,
it is a settled rule of practice that when a witness is
cross-examined on a matter collateral to the issue, he
cannot, as to his answer, be subsequently contradicted
by the party putting the question."

[5] The accused further assigns as error the court's
action in permitting the Commonwealth's attorney to
make the following statements in his arguments before
the jury:

"Joe Thurpin is under bond in the District of Colum-
bia for violating the prohibition law.   He has been
raided in the District of Columbia on several occasions
by officers in search of liquor.   He is the head of a
gang of bootleggers in Arlington county.   He is known

to be a liquor runner and has been for several years, and has accumulated and acquired considerable money and property by his activities as a bootlegger, and has been living with Lucy Robertson, who was convicted here the other day for bootlegging, and his house is the headquarters for bootleggers."

There was no evidence upon which the attorney for the Commonwealth could base these statements. He had no right to make his unsworn testimony a part of his argument before the jury. The Commonwealth does not desire a conviction upon illegal evidence, nor without evidence to support it.

The court first overruled accused's objection to these statements, but later instructed the jury not to consider them, as "they have no bearing in the case."

The court erred in overruling the objections of the accused in the first instance.

[6] Generally speaking, this court will not, where the trial court corrects the statement of counsel and instructs the jury to disregard it, reverse the judgment. But there are cases in which the effects of improper statements by counsel cannot be fully overcome by a direction to the jury to disregard such statements. *Lorillard Co.* v. *Clay*, 127 Va. 755, 104 S. E. 384.

As said by this court in *Harris* v. *Commonwealth*, 133 Va. 708, 112 S. E. 753, 755: "Every person accused of crime, whether guilty or innocent, is entitled to have all his legal rights protected during his trial. And in a criminal case, the Commonwealth's attorney, as the representative of the people, should guard against any violation of his rights in this respect. But if every improper remark of counsel were ground for reversal, comparatively few verdicts would stand, since the most eminent counsel are sometimes led into such inadvertencies. Appellate courts, therefore, hesitate to inter-

fere by granting a new trial, except where the prose-cuting attorney has so clearly departed from the line of legitimate procedure that any reasonable person will conclude that the jury were certainly prejudiced there-by."

[7] There was no error in allowing the members of the jury, in the presence of the court, to smell and ex-amine the contents of the jar containing the liquor. *Troutner's Case*, 135 Va. 750, 115 S. E. 693.

[8, 9] The Commonwealth had the right to prove the general reputation of the accused as a violator of the prohibition law in the District of Columbia. *Mar-able's Case*, 142 Va. 644, 128 S. E. 463. But the court ought not to have allowed the Commonwealth's witness, during his direct examination, when asked the general reputation of the accused as a violator of the prohi-bition law, to testify: "I am informed that he has been raided several times in Washington, D. C., and that he is now under bond for violation of the prohi-bition law over there."

[10] "Evidence of particular opinions and partic-ular acts is inadmissible to prove general reputation." *Allison* v. *Wood*, 104 Va. 765, 52 S. E. 559, 7 Ann. Cas. 721.

Inasmuch as the case must be reversed for lack of evidence to support the verdict of the jury, we deem it unnecessary to decide whether or not the rulings of the court touching the questions and statements of the attorney for the Commonwealth, considered *supra*, constituted *reversible* error.

The judgment will be reversed, the verdict set aside, and the case remanded for a new trial in conformity with the views expressed herein.

*Reversed.*