## JOHN E. WOOL, JR., ET AL.

### V.

## NATIONSBANK OF VIRGINIA, N.A.

Record No. 931819

September 16, 1994

Present: All the Justices

*Morris H. Fine (John R. Lomax; Fine, Fine, Legum & Fine*, on brief), for appellants.

*D. Scott Seery (Vann H. Lefcoe; McGuire, Woods, Battle & Boothe*, on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this appeal, we consider whether the trial court erred in holding that a financial institution was not liable to the holders of a savings certificate based on an application of the common law presumption of payment.

In 1966, Virginia National Bank issued a savings certificate in the amount of $10,000 to Margaret H. Wool. Wool died in 1977; the certificate was not listed as an asset in her estate. In 1992, John E. Wool, Jr., Mrs. Wool's son, found the savings certificate among his mother's effects. John Wool presented the certificate to NationsBank of Virginia, N.A., successor to Virginia National Bank, for payment. NationsBank refused payment because it had no record of the certificate and, under the common law presumption of payment, asserted that payment of the debt was presumed since more than 20 years had elapsed since the debt matured for payment.

John E. Wool, Jr., T.J. Wool, IV, Jane Todd Wool, and Anne Sidney Wool Jordan, heirs of Margaret Wool (the Wools), filed a motion for judgment against the bank. Following an *ore tenus* hearing, the trial court held that the common law presumption of payment applied, that the Wools had not presented satisfactory evidence to rebut this presumption, and, therefore, that Nations-Bank was not liable to the Wools.

On appeal, the Wools first assert that the trial court erred in applying the presumption of payment. The Wools contend that the presumption is tantamount to a statute of limitations, and, therefore, was superseded by the statute of limitations for redemption of instruments established by Code § 8.3A-118(e) of the Uniform Commercial Code. We disagree. The common law pre-

sumption of payment is not, and does not create, a statute of limitations. It is a presumption of fact, a rule of evidence which, like any rebuttable presumption, fails when sufficient contradictory evidence is introduced. *Allison v. Wood*, 104 Va. 765, 770, 52 S.E. 559, 561 (1906). Therefore, it was not abolished by the adoption of Code § 8.3A-118(e). *See Booker v. Booker*, 70 Va. (29 Gratt.) 605, 607-08 (1877) (holding that a statute of limitations does not abrogate the presumption of payment).

Next, the Wools assert that, even if the presumption of payment applies, the trial court erred in holding that the evidence was insufficient to rebut the presumption. While it is not clear precisely what standard of proof the trial court applied, NationsBank argues here, as it did in the trial court, that the presumption can be rebutted only by clear and convincing evidence. Previous cases considering the presumption, however, have not required that evidentiary standard. In *Bowie v. Poor Sch. Society of Westmoreland*, 75 Va. 300 (1881), we described the presumption of payment as "a mere presumption which may be repelled by any circumstances sufficient to satisfy the mind that in the particular case it is ill-founded." 75 Va. at 306 (citing *Snavely v. Pickle*, 70 Va. (29 Gratt.) 27, 39 (1877), 2 Minor's Insts. p. 315, and cases cited therein). We have held that the presumption may be defeated by "evidence or circumstances tending to show non-payment," *Allison*, 104 Va. at 770, 52 S.E. at 561, or by "satisfactory evidence of any kind whatever to the contrary," *Updike v. Lane*, 78 Va. 132, 136 (1883). Taken together, the standard of proof required by these cases to rebut the presumption of payment is a preponderance of the evidence and we apply that standard to the evidence presented in this case.

The record shows that the Wools introduced affirmative evidence of non-payment through production of the original savings certificate, an action arguably sufficient to raise a presumption of non-payment. *Schmitt v. Redd*, 151 Va. 333, 339, 143 S.E. 884, 885-86 (1928). The certificate stated on its face that it would be automatically renewed every six months unless redeemed by the holder or called by the issuing institution. The certificate further stated that it "must be surrendered to the bank when paid." There were no indications of payment or cancellation on the certificate. These facts are affirmative evidence supporting a conclusion of non-payment.

In contrast, the record contains no affirmative evidence of payment. The bank had no record of the certificate, of paying the certificate, or of execution of a lost certificate affidavit to obtain payment without production of the certificate. NationsBank explains that the lack of any record concerning the certificate results from a standard records retention program that allows destruction of records after ten years. While such a records retention program may be in compliance with industry standards, it does not constitute evidence of payment.

■ Based on the Wools' production of the original savings certificate, along with the lack of any bank records tending to establish payment, we conclude that the presumption of payment was rebutted by a preponderance of the evidence and that plaintiffs carried their burden of proof on the merits. We will reverse the judgment of the trial court, enter judgment for the Wools, and remand the case for determination of damages.

*Reversed and remanded.*