# Wytheville.

Seaboard & Roanoke Railroad Co.

v.

Vaughan's Administratrix.

June 15, 1905.

Absent, Cardwell, J.

1. PLEADING—*Declaration—Allegation of Negligence.*—In an action for a personal injury inflicted by a railroad company at a public crossing, a declaration is bad which does not charge either that the company was guilty of negligence in the management of its trains as it approached the crossing which misled the plaintiff or put him in peril; or that, after the defendant knew, or by exercise of ordinary care could have known, of his peril, it could have avoided the injury; or a state of facts which showed that the defendant was guilty of negligence.

2. RAILROADS—*Crossing—Negligence—Case at Bar.*—The evidence in this cause shows that the plaintiff's intestate was guilty of negligence, but fails to disclose negligence on the part of the defendant company. The train which inflicted the injury complained of was backing slowly, its bell was ringing, and it was in full view of plaintiff's intestate who approached it riding a bicycle rapidly, and turned down the track in a safe place, and whose peril was not apparent to the company's servants until he fell or was thrown from his bicycle on the track immediately in front of the moving train, when the collision could not be avoided.

3. INSTRUCTIONS—*Jury Sufficiently Instructed—Additional Instructions.*—Where the instructions given, or which the court has determined to give, are sufficient to submit the case fairly to the jury, the court is under no obligation to give additional instructions, even though correct, for they are unnecessary. A multiplicity of instructions tends to mislead and confuse the jury, and should be avoided.

4. INSTRUCTIONS—*Evidence to Support—Ambiguity.*—An instruction should not be given when there is no evidence on which to base it, nor when it is ambiguous.

5. TRESPASSERS—*Duty of Foresight.*—The duty which one owes to a trespasser is to use ordinary care not to injure him after his peril is discovered.

VOL. CIV—15

Error to a judgment of the Circuit Court of Norfolk county in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*G. Hatton,* for the plaintiff in error.

*R. Randolph Hicks,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

Rosa A. Vaughan, administratrix of Benjamin F. Vaughan, deceased, brought this action against the Seaboard Air Line Railway and the Seaboard and Roanoke Railroad Company for negligently causing the death of her decedent at a highway crossing. The action was dismissed as to the former company, and upon the third trial a judgment was rendered against the other defendant. From that judgment this writ of error was awarded.

The first error assigned is to the action of the court in overruling the defendant company's demurrer to the fourth count of the declaration.

The material allegations of that count are that the plaintiff's decedent was returning home along a common highway in Norfolk county, known as Godwin street, which crosses the defendant company's tracks; that as he was approaching the crossing on a bicycle, at a rapid rate of speed, one of the defendant's trains was backing slowly down the railroad tracks towards the crossing, so that he and the train reached the crossing at the same time; that the plaintiff's intestate, realizing his peril, turned his bicycle down the side of the railroad tracks in order to avoid a collision with the freight train, whereupon it became the duty of the defendant to use reasonable care so that the freight train should not be negligently and recklessly run upon the plaintiff's intestate; yet the said defendant, not regarding its

duty in that behalf, did not use reasonable care to avoid the collision, but carelessly and recklessly conducted itself so that the rear car of the freight train was run upon and over the plaintiff's intestate, by means whereof he was killed.

The case made by the count shows that the plaintiff's intestate was guilty of negligence in approaching the crossing as he did. There is no charge that the defendant company was guilty of negligence in the management of its train as it approached the crossing which misled or put the plaintiff's intestate in peril, nor is there any averment that after the defendant knew, or by the exercise of ordinary care could have known, of his peril it could have avoided the injury. The count did not aver a state of facts which showed that the defendant was guilty of negligence, and the court erred in not sustaining the demurrer to it. *Hortenstine* v. *Va.-Car. Ry. Co.,* 102 Va. 914, 47 S. E. 996; *N. & W. Ry Co.* v. *Wood,* 99 Va. 156, 37 S. E. 846.

Upon the first trial there was a verdict in favor of the plaintiff, which was set aside upon the motion of the defendant company. The plaintiff insists, under Rule IX, that the action of the trial court in setting aside that verdict was erroneous, and that this court should so hold and enter judgment thereon under the provisions of section 3486 of the Code.

The motion for a new trial was because the verdict was contrary to the law and the evidence, and for after-discovered testimony.

The evidence was substantially the same on the first and last trials. The scene of the accident was in the county of Norfolk outside of the limits of the city of Portsmouth, where Godwin street crosses the tracks of the defendant's road. At that point the street runs north and south and the railroad tracks nearly east and west. The street is sixty feet wide, but only about one-half of it is used at the crossing, which half is covered with plank, leaving a space of about thirteen feet east of the plank to the outer edge of the street, and about seventeen feet from the plank to the western limit of the street. About one

hundred and seventy feet south of the crossing Godwin street intersects with South street, which runs northeast and southwest and crosses the railroad some three hundred feet east of Godwin street crossing. The diagram on opposite page shows generally the location of the railroad tracks, Godwin street and South street, with reference to each other, at and near the scene of the accident.

The plaintiff's theory of the case was that her intestate, who was going home on his bicycle, traveled along South street from where it crosses the railroad tracks to Godwin street, and thence along that street until he reached the railroad tracks, when he discovered that the rear car of a backing train had blocked the crossing, and to avoid a collision therewith he turned his bicycle, which was going rapidly, into the open space between the main line and switch No. 1 on which the train was backing, and after going from twenty-five to forty feet he was thrown from his bicycle, his head falling on the southern rail of switch No. 1 and was crushed by the rear wheel of the rear car. The plaintiff claims that the defendant was negligent in failing to give notice that its train was going to back, and in not avoiding the injury after it discovered her intestate's peril.

The defendant's theory of the case is that the plaintiff did not approach the crossing over Godwin street from South street, but left South street where it crosses the railroad tracks and traveled on the defendant company's right of way on the south side of its main line until he reached Godwin street, when finding that the rear car of the backing train was passing over the street, he crossed over the main track of the defendant and continued his course between that track and the track upon which the train was moving, and, after having gone from twenty-five to forty feet, either in his effort to get off his bicycle, or because it struck the ties of the track upon which the train was moving, he fell or was thrown upon the rail, his head falling between the wheels of the rear truck of the rear car.