# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

NORFOLK & WESTERN RAILWAY COMPANY v. SPENCER'S

· ADMINISTRATRIX.

December 7, 1905.

1. DEATH BY WRONGFUL ACT—*Expectancy—Mortality Tables.*—In an
action to recover damages for death by wrongful act or neglect,
standard tables of mortality may be introduced in evidence to show
the probable expectancy of life of deceased.

2. RAILROADS—*Negligence—Contributory Negligence—Case at Bar.*—
Although the engineer of a freight train which collides with a work
train standing on the track may have been guilty of negligence
which contributed to the accident, yet, if the engineer of the work
train could, in the result, by the exercise of ordinary care and dili-
gence, have avoided the accident which happened, then the negli-
genc∘ of the engineer of the freight train will not excuse the rail-
road company, whose servants they both are, and he may recover for
th injuries inflicted on him by such collision. In the case at bar,
the evidence was sufficient to warrant an instruction to this effect.

3. RAILROADS—*Negligence—Case at Bar—Collision with Work-train Out
of Limits.*—In an action by a locomotive engineer against the rail-
road company whose servant he is, to recover damages for an in-
jury resulting from a collision with a work-train standing on the
track, if it be conceded that the conductor of the work-train could
have his train standing beyond the limits prescribed by his orders,
still it is for the jury to say, upon the evidence, whether it was neg-
ligence to be beyond those limits on the occasion of the accident,
and whether or not such negligence if any, contributed to the acci-
dent.

4. NEW TRIAL—*Impeachment of Witnesses.*—As a general rule, sub-
ject to rare exceptions, a new trial will not be granted where the
sole object is to discredit an adverse witness.

5. VERDICTS—*Conflicting Evidence—Weight of Evidence—Negligence.*—
Where the evidence is conflicting as to the negligence of the de-

VOL. CIV—83

fendant, or the contributory negligence of the plaintiff, the verdict of the jury will not be disturbed unless palpably erroneous. Nor will this court undertake to pass on the weight of evidence, or the credibility of witnesses. This is the province of the jury which the court will not usurp.

Error to a judgment of the Corporation Court of the city of Roanoke, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Wm. Gordon Robertson,* for the plaintiff in error.

*Smith & King,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This writ of error brings before us for review the record of an action at law, brought by the defendant in error to recover damages of the plaintiff in error for the alleged negligent killing of the plaintiff's intestate in a collision between two trains of the defendant company.

The collision occurred at a point on the Roanoke & Southern branch of the Norfolk and Western Railway, about three miles south of Starkey station, and near to bridge 1813, between a freight train, with two engines, fifty-two cars and a caboose, which was travelling north, and a work-train, which was standing still headed south. Arthur T. Spencer, the plaintiff's intestate, was the engineer on the front engine of the double-header, which was derailed at a point near the south end of the bridge and went down the bank, inflicting injuries from which Spencer died three days later.

The trial, which was in the Corporation Court for the city of Roanoke, resulted in a verdict and judgment in favor of Spencer's adminstratrix for $10,000.

The first bill of exception is to the action of the Corporation Court in admitting the evidence of W. S. McClanahan, who was introduced to show, by standard tables of mortality, what was the probable expectancy of life of a man twenty-six years of age. In the argument here this exception was properly abandoned. *Va. & S. W. Ry. Co.* v. *Bailey,* 103 Va. 205, 49 S. E. 33-37.

The second bill of exceptions is to the court's action in giving the four instructions asked for by the plaintiff. The learned counsel for the defendant company has at this bar withdrawn his objection to instructions Nos. 1 and 3. It will be, therefore, only necessary to refer to Nos. 2 and 4.

Instruction No. 2 is as follows: "The court instructs the jury that although the plaintiff's intestate may have been guilty of negligence, and although that negligence may in fact have contributed to the accident, yet, if the defendant or engineman of the work-train could, in the result, by the exercise of ordinary care and diligence, have avoided the accident which happened, then plaintiff's intestate's negligence will not excuse the defendant, and the plaintiff is entitled to recover."

This instruction follows substantially the form that has been employed since the doctrine contained therein was first announced by this court. *Richmond & D. R. Co.* v. *Anderson,* 31 Gratt. 812, 31 Am. Rep. 760; *Johnson* v. *C. & O. Ry. Co.* 91 Va. 176, 21 S. E. 238; *Seaboard & Roanoke R. Co.* v. *Joyner,* 92 Va. 354, 23 S. E. 773; *Washington, &c. R. Co.* v. *Lacey,* 94 Va. 460-476, 26 S. E. 834.

This instruction is further objected to upon the ground that there was no evidence upon which to base it. This position is not tenable. The work-train was standing in a cut, about

225 feet south of bridge 1813, when the engineer in charge called in his flagman.   The evidence tends to show that when the flagman in response to the call, reached the engine of the work-train, he "hollered" to the engineer and said, "For God's sake, get out of here, there is a train coming down the mountain;" that the engineer did not move his engine, and the flagman made no effort to stop the coming train; that the engineer had time, after the warning given by the flagman, to have run his train back as far as the middle of the bridge, thus putting a distance of 332 feet between the two trains, with the view unobstructed, and both trains going in the same direction; and that if the engineer of the work-train had moved back promptly upon receiving notice of the coming freight train no collision could have occurred.

This evidence was sufficient to justify instruction No. 2, and the plaintiff was entitled to have that view of the case submitted to the jury.

Instruction No. 4 tells the jury, in substance, that if they believe from the evidence that the plaintiff's intestate received the injury complained of, in consequence of the negligence of the conductor, the engineer, or the flagman of the work-train, in not carrying out the rules and regulations of the defendant company, they must find for the plaintiff, unless the jury shall also believe from the evidence that the plaintiff's intestate was guilty of contributory negligence, and that the burden of proving such contributory negligence was upon the defendant. It is contended that this instruction is erroneous because there is no evidence tending to connect either the conductor or the engineer of the work-train with the accident.

The evidence already adverted to in commenting upon instruction No. 2 is equally pertinent in connection with the objection urged to this instruction.   In addition, there was

other evidence which contributed to the basis for the instruction under consideration. The order which the conductor of the work-train received the morning of the day the accident occurred, gave him the right to work between Roanoke and bridge 1813.

At the time of the accident his train was 225 feet south of bridge 1813. He was, therefore, outside of his working limits.

Conceding that, if necessary, the conductor could have his work-train standing beyond the limits prescribed by the order, it was for the jury to say, under the evidence, whether it was negligence to be beyond those limits on this occasion, and whether or not such negligence, if any, contributed to the accident.

A careful examination of the record shows that there was sufficient evidence tending to show negligence on the part of each of the persons mentioned in instruction No. 4 to justify its being given.

The third and last bill of exception is to the action of the court in overruling the motion of the defendant company to set aside the verdict of the jury. Three grounds are alleged in support of this motion—(1) Misdirection of the jury (2) after-discovered evidence; and (3) that the verdict was contrary to the law and the evidence.

The first ground has been disposed of by what has been said in considering the objections to the instructions.

The second ground rests upon an affidavit of W. J. Knighton, the conductor of the work-train, as to a statement made to him by E. G. Haislip two or three days after the accident. E. G. Haislip was examined at the trial, on behalf of the plaintiff, and was followed immediately by W. J. Knighton, on behalf of the defendant company, who was called a second time to the stand after being fully examined, cross-examined, re-examined, and re-cross-examined, thus affording him ample opportunity to tell all that he knew about the case. His affidavit shows

that the object of a new trial was that he might state that E. G. Haislip, a witness for the plaintiff, had, on one point, made to him a different statement from that made by this witness on the stand.

Without considering whether or not the additional evidence of Knighton, relied on as a ground for a new trial, is material and likely to produce a different result, or whether or not reasonable diligence would have secured such evidence at the trial now under review, it is sufficient to say that the general rule is, subject to rare exceptions, to refuse a new trial when the sole object is to discredit a witness on the opposite side. *Brugh* v. *Shanks,* 5 Leigh, 649; *Thompson* v. *Commonwealth,* 8 Gratt. 637; *Brown* v. *Speyers,* 20 Gratt. 296; *Reed's Case,* 22 Gratt. 924-946.

As already seen, the sole object of the motion for a new trial, on the ground of after-discovered evidence, was to discredit the testimony of the witness, E. G. Haislip, who had testified on the opposite side. In the light of the authorities cited, the after-discovered evidence relied on was insufficient to warrant a new trial.

The third ground upon which the motion to set aside the verdict rests, is, that the verdict was contrary to the law and the evidence.

At the time of the accident, the work-train was standing on a sharp curve in a deep cut a short distance south of a long trestle, called bridge 1813, so that it was out of view of the engineer of the freight train until he was in thirty feet of it.

Two work-trains were engaged between Roanoke and bridge 1813, under an order issued the day of the accident, which required them to protect themselves against each other and against all trains. For their protection each was furnished with two flagmen, one of whom was required to protect his train from trains approaching from the north, and the other

against trains approaching from the south.   Rule 399a of the defendant company, required the flagman to go three-fourths of a mile, or twenty-three telegraph poles from the work-train, and place one torpedo on the rail, on the engineer's side, and then go back at least seven telegraph poles farther, or one mile from his train, and place two torpedoes, on the same side, ten yards apart, and then return to the 23rd telegraph pole and remain there until called in by the whistle of his engine.   The evidence tends to show that the flagman violated this rule and failed to put down the torpedoes necessary as a warning to the plaintiff's intestate.   It also tends to show that the defendant was guilty of negligence in other particulars already adverted to in considering the instructions.

Whether or not the defendant company was guilty of negligence was a question of fact for the jury.   Where the evidence is conflicting, as in this case, the verdict will not be disturbed unless palpably erroneous.   *N. & W. Ry. Co.* v. *Perrow,* 101 Va. 345, 43 S. E. 614; *Morien* v. *N. & A. T. Co.,* 102 Va. 622, 46 S. E. 907.

Nor will this court undertake to pass upon the weight of the evidence or the credibility of the witnesses.   This is the province of the jury which the court will not usurp.   The jury should be left free in each case to determine, in view of all the circumstances, what witnesses, or what part of the evidence of any witness, they will credit.   *N. & W. Ry. Co.* v. *Poole,* 100 Va. 148, 40 S. E. 627.   If the evidence introduced on behalf of the plaintiff was believed by the jury, and that of the defendant disbelieved, we could not say that their verdict was palpably erroneous, or that it was not justified.

It is contended that the plaintiff's intestate was guilty of contributory negligence.   This was also a question of fact for the jury, and was submitted to them under full instructions as to the law, given without objection, on behalf of the defen-

dant company.   The deceased was discharging his duties as a locomotive engineer under the following order, which is known in the record as the "slow order:"   "To all concerned: Until further notice, all trains will reduce speed to six miles per hour, while passing over bridge 1813, Winston District."

The deceased is charged with violation of this order, which is the foundation for the charge of contributory negligence.

It is to be observed that the collision took place before the freight train reached the bridge mentioned in the order, but it is contended that the deceased was approaching the bridge at a rate of speed that would have prevented him from reducing it to six miles per hour while crossing the bridge.   The evidence of the speed of the train is conflicting.   One witness puts it at six miles an hour, another at eight, and still another at twenty miles per hour; and the evidence on that point tends to show that the speed could have been reduced to six miles an hour by the time the bridge was reached.

Under the evidence it is impossible to say that reasonable men might not differ in their judgment upon the question whether or not the plaintiff's intestate was guilty of negligence, and therefore this court would not be warranted in disturbing the verdict of the jury.   *Southern Ry. Co.* v. *Aldridge,* 101 Va. 142-149, 43 S. E. 333.

For these reasons the judgment must be affirmed.

*Affirmed.*