Syllabus.

## Richmond.

## NORFOLK AND WESTERN RAILWAY COMPANY V. CARR.

### January 31, 1907.

1. PLEADING—*Declaration—Sufficiency.*—The purpose of a declaration is to inform the defendant of the nature of the demand upon him. The facts must be stated with sufficient certainty to be understood by the defendant, the jury and the court. If upon the facts stated in the declaration the court can say, if these facts are proved the plaintiff is entitled to recover, then the declaration is sufficient.

2. RAILROADS—*Persons Constantly on Track—Lookout.*—It is the duty of those in charge of a railroad train to keep a reasonable lookout at places constantly used with the knowledge of the company, at all hours of the day, by large numbers of men, women and children, and for an injury proximately resulting from a failure to keep such lookout the company is liable.

3. INSTRUCTIONS—*Evidence to Support.*—It is error to grant an instruction when there is no evidence for it to rest upon.

4. EVIDENCE—*Collateral Matters—Impeachment.*—The next friend of an infant plaintiff, who is examined on behalf of the plaintiff, after having denied making a corrupt bargain with a witness to testify for the plaintiff, cannot, over the objection of the plaintiff, be further questioned on the subject, as the evidence is collateral to the issue joined in the case and calculated to divert the minds of the jurors. On matters collateral to the issue a witness cannot, as to his answers, be subsequently contradicted by the party putting the question.

5. NEW TRIAL—*Questions of Negligence—Evidence to Support Verdict.*—Where questions of negligence of the defendant and contributory negligence of the plaintiff have been properly left to the jury, and there is evidence tending to support the verdict, it cannot be set aside.

6. VERDICTS—*Excessive Damages.*—The verdict of the jury in an action to recover damages for a personal injury will not be set aside as excessive in the absence of any evidence that the jury has been actuated by some improper motive or some gross error or misconception of the subject.

Error to a judgment of the Circuit Court of Norfolk county in an action of trespass on the case.   Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Hughes & Little,* for the plaintiff in error.

*Sidney Teiser* and *A. B. Seldner,* for the defendant in error.

HARRISON, J., delivered the opinion of the Court.

This action was brought to recover damages for injuries sustained by Willie Albert Carr, an infant eight years of age, which it is alleged were inflicted through the negligence of the defendant railway company.

It appears that this little child was walking along the ties upon which the track of the defendant was laid, at a point in the suburbs of the city of Norfolk, where the track was used daily as a walkway by large numbers of men, women and children; that a freight train of the defendant was moving at about six or eight miles per hour in the direction the child was walking, with his back to the approaching train, when he was struck by the engine and injured, it being shown that the train could have been easily stopped in one hundred yards; that at the point where the accident happened the tracks were straight for a distance of about three hundred and fifty yards, making the view from the lookout on the engine unobstructed for that distance; and that no one of the employees on the train saw the child.

The trial resulted in a verdict and judgment for $1,000 in favor of the plaintiff, which we are asked to review and reverse.

Considering the errors assigned in the order stated in the petition we are of opinion that there was no error in the action.

of the Circuit Court in overruling the demurrer to the declaration and to each count thereof.

The purpose of a declaration is to inform the defendant of the nature of the demand upon him. The facts must be stated with sufficient certainty to be understood by the defendant who has to answer them, by the jury who have to inquire into their truth, and by the court which has to render the judgment. *Wood* v. *Am. Nat. Bank,* 100 Va. 306, 40 S. E. 931; *Wheel Co.* v. *Harris,* 103 Va. 708, 49 S. E. 991.

In the case of *Hortenstein* v. *Va.-Carolina Ry. Co.,* 102 Va. 919, 47 S. E. 998, it is said: "The declaration must show that from the relation existing between the plaintiff and the defendant a legal duty was owing from the latter to the former, the failure to discharge which caused the injury for which the action is brought, or makes such averments as to the circumstances under which the plaintiff was injured as will show the existence of the duty which it is claimed has been neglected and which neglect has caused the plaintiff's injury." The conclusion is there reached that "in actions for a tort the declaration must state sufficient facts to enable the court to say, upon a demurrer, whether, if the facts stated are proved, the plaintiff would be entitled to recover."

Tested by these principles the declaration in this case states a good cause of action. That the plaintiff occupied the relation of a licensee in using the track of the defendant is made to appear. The declaration avers fully and distinctly the duty of the defendant to the plaintiff, the breach of that duty, and the injuries resulting from that breach. The negligence of the defendant company, which was the breach of the duty alleged, is averred to be its failure to keep a proper lookout for persons on the tracks or dangerously near thereto, and to give proper and reasonable warnings by signals, sounds or otherwise of the approach of the engine and cars upon its tracks to those whom the defendant knew, or by the exercise of ordinary care should have known, to be in a dangerous position. It is not necessary

to recite here with more detail the averments of this declaration. It sets out with fullness and clearness every essential fact necessary to apprise the defendant company of the nature of the demand against it; and if its averments were admitted, there would be no difficulty in rendering judgment upon them for the plaintiff.

We are further of opinion that the Circuit Court did not err in giving the three instructions asked for by the plaintiff.

The bill of exceptions is to all three instructions, but no objection is pointed out to any other than instruction No. 1, which is as follows: "The court instructs the jury that if they believe from the evidence that the place at which the accident complained of occurred had been in daily use as a walkway or crossway for a long time by a large number of persons in that vicinity, and that its use was well known to the defendant, it was then the duty of the defendant company to use reasonable care to discover Willie Albert Carr, if on the cross-ties of the track on which the train was proceeding and in danger at the place mentioned, and that if the said defendant did not use such care, and that by its failure so to do the said accident occurred, then they must find for the plaintiff, even though the said plaintiff was guilty of contributory negligence; provided they believe from the evidence that the servants of the said defendant in charge of its engine did not do all they could consistently with their own safety to avoid the injury after the said danger to the said Willie Albert Carr was known, or might have been discovered by the said servants of the defendant by the exercise of ordinary care in keeping a lookout for persons at the point where the accident occurred."

The objection offered to this instruction is that it presumes that the plaintiff was seen by those operating the locomotive to be in a position of danger, it being insisted that the evidence did not show that if those operating the locomotive had seen the plaintiff there was anything in the circumstances to indicate

that he was in a position of danger, or that he would not take care of himself.

The evidence shows that the agents of the defendant in charge of the train did not see the child at all, and the contention is that not seeing him was the result of a negligent failure to keep a proper lookout.

If they did not see the plaintiff it is needless to speculate as to whether or not there would or would not have been any indication of the child's danger had he been seen. The duty to keep a reasonable lookout at places constantly used, with the knowledge of the company, at all hours of the day by large numbers of men, women and children, is an established rule. *Blankenship* v. *C. & O. Ry. Co.,* 94 Va. 449, 27 S. E. 20.

This instruction announces no new principle of law. It is based upon the evidence, and correctly propounds the plaintiff's theory of the case without prejudice to the rights of the defendant.

We are further of opinion that the Circuit Court did not err in modifying instruction No. 1 asked for by the defendant.

The modification complained of consisted in striking out the latter half of the instruction, which was in these words: "And you are further instructed that even if you believe that those in charge of and operating the said train saw Willie Carr on or near the track in front of the said train, and his size and appearance were such as to indicate to them that he was a boy of such age and intelligence as to be able to act for and take care of himself, and not a mere helpless infant, and that he was accompanied by his sister, who was older than himself, they had a right to presume that he would get out of the way in time to save himself, or be gotten out of the way in time to be saved, unless it appeared to them that he was not in possession of his faculties or in control of his movements, or that there was some other peculiar circumstance to indicate that he was in danger; and you are instructed that the defendant owed him

no duty to take steps to avoid him in the absence of such indications."

The error in this part of the instruction is that it assumes for its basis that those in charge of the train saw the child, whereas there was no evidence of that fact adduced at the trial. The evidence of those in charge of the train shows that the child was not seen by any one of them, and that no one of them knew that an accident had happened for some time after the occurrence. Instructions must be limited to the facts brought out by the evidence, and an instruction where there is no evidence for it to rest upon is improperly granted. *Seaboard & Roanoke R. Co.* v. *Vaughan's Admr.,* 104 Va. 113, 51 S. E. 452.

We are further of opinion that the Circuit Court did not err in sustaining the objection taken by the plaintiff to certain questions asked his witness, William Carr, on cross-examination, and certain questions asked the defendant's witness, Mary Bray.

William Carr, though the next friend of the real plaintiff, Willie Carr, was merely a witness in the case. The question asked him on cross-examination was: "Did you tell Mary Bray that if she would testify for you to-day you would see that she got paid?" After witness had denied that he made the statement further questioning along the same line was objected to, and the objection sustained. This evidence was collateral to the issue, and calculated to divert the jury from the case before them.

"In order to avoid an interminable multiplication of issues it is a settled rule of practice that when a witness is cross-examined on a matter collateral to the issue he cannot, as to his answer, be subsequently contradicted by the party putting the question." Wharton on Law of Ev., Volume I, section 559, and authorities there cited in support of the text.

We are further of opinion that the Circuit Court did not err in refusing to set the verdict aside as contrary to the law and the evidence. The questions of negligence on the part of the defendant, and of contributory negligence on the part of the

plaintiff, were for the jury to determine. The evidence tended to sustain the verdict, and therefore it cannot be disturbed by this court. *N. & W. Ry. Co.* v. *Spencer,* 104 Va. 657, 52 S. E. 310.

We are further of opinion that this court cannot disturb the verdict upon the ground that it is excessive. The rule governing in such cases has been so often stated by this court that it is needless to repeat it here. *N. & W. Ry. Co.* v. *Shott,* 92 Va. 34, 22 S. E. 811; *Richmond Ry., &c., Co.* v. *Garthright,* 92 Va. 627, 24 S. E. 267, 32 L. R. A. 220, 53 Am. St. Rep. 839.

The judgment complained of must be affirmed.

*Affirmed.*