## JACKSON v. VIRGINIA HOT SPRINGS CO.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1914.)

No. 1213.

1. INNKEEPERS (§ 7*)—REFUSAL TO FURNISH ACCOMMODATIONS—ACTIONS—DECLARATION.

In an action against an innkeeper for refusing accommodations to plaintiff, his wife, and daughter, declaration *held* sufficient to fully advise defendant as to the matters which it was called upon to answer.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 10, 11; Dec. Dig. § 7.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INNKEEPERS (§ 7*)—REFUSAL TO FURNISH ACCOMMODATIONS—ACTIONS—DEC-
LARATION.

In an action against an innkeeper for refusing accommodations to plain-
tiff, his wife, and daughter, it was not necessary for the declaration to
allege that defendant had rooms at the time for the accommodation of
guests, as it is presumed that an innkeeper is prepared for the accommo-
dation of guests, and the declaration need not allege a fact as to which
the burden is on defendant, or the existence of which is wholly within
defendant's knowledge.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 10, 11; Dec.
Dig. § 7.*]

3. PLEADING (§ 48*)—"DECLARATION"—SUFFICIENCY.

The declaration need state only such facts as are necessary to constitute
a cause of action, but must be sufficiently full and explicit to inform de-
fendant of the nature of the claim and to enable him to plead.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 105, 106; Dec.
Dig. § 48.*

For other definitions, see Words and Phrases, vol. 2, pp. 1902, 1903.]

4. APPEAL AND ERROR (§ 843*)—REVIEW—MATTERS UNNECESSARY TO DECISION.

Where, in an action against an innkeeper for refusing accommodations,
the other counts were sufficient, it was unnecessary to determine whether
the counts which alleged that defendant was the keeper of a house of
private entertainment, and that he was the keeper of an ordinary, were
sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–
3341; Dec. Dig. § 843.*]

In Error to the District Court of the United States for the Western
District of Virginia, at Lynchburg; Henry Clay McDowell, Judge.

Action by W. W. Jackson against the Virginia Hot Springs Com-
pany. Judgment was rendered for defendant on demurrer (209 Fed.
979), and plaintiff brings error. Reversed and remanded, with instruc-
tions.

J. T. Coleman, of Lynchburg, Va. (Coleman, Easley & Coleman,
of Lynchburg, Va., on the brief), for plaintiff in error.

George E. Caskie, of Lynchburg, Va. (Caskie & Caskie, of Lynch-
burg, Va., John W. Stephenson, of Warm Springs, Va., and J. T.
McAllister, of Hot Springs, Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. The plaintiff in error, hereinafter
referred to as "plaintiff," instituted an action against the defendant in
error, hereinafter referred to as "defendant," in the District Court of
the United States for the Western District of Virginia, based upon
the unlawful and wrongful refusal of the defendant to furnish plain-
tiff, his wife, and daughter with accommodation at defendant's inn,
and oppressively turning them away from the inn in the nighttime; the
plaintiff's wife, Ida G. Jackson, being at the time an invalid. At the
time of the institution of this suit Ida G. Jackson also instituted a
similar action against the defendant; that case being No. 1212 (213
Fed. 975). A demurrer was filed to the original declaration in each
case which was sustained with leave to amend; at that time plaintiff
filed an amended declaration to which the defendant again demurred,

the two demurrers being sustained the court gave final judgment for the defendant, and the two cases now come here on writ of error. Briefs were only filed in this case.

In passing upon the questions presented for our consideration in this case we will also consider those involved in the Ida G. Jackson case, inasmuch as the counts in each case are practically the same.

[1] By the first count it is averred that the defendant was an innkeeper and kept a common inn for the accommodation of travelers, wayfarers, and guests; that the plaintiff, being a traveler and wayfarer, came to the defendant's inn on the 17th day of March, 1911, and lawfully requested and required the defendant to suffer and permit him to stay and lodge, for the customary consideration, at the said inn for and during the night of the said day; and that although the plaintiff was, as the defendant well knew, then and there ready and willing to pay the reasonable, customary, and adequate compensation for such lodging, yet the defendant did not, nor would, suffer or permit the plaintiff to stay or lodge at the said inn, but "unlawfully, uncivilly, discourteously, and insultingly declined and refused to do so," whereby the plaintiff was forced and obliged to quit the said inn and go and travel in the nighttime a considerable distance, to wit, a mile, in order to secure lodging elsewhere, and whereby also the plaintiff was put to great trouble, inconvenience, and expense, and was greatly mortified, humiliated, discomfited, and distressed, and otherwise injured.

In the second count the defendant's hostelry, is described as a house of private entertainment.

In the third count it is described as a hotel.

In the fourth count it is described as a house of entertainment at which the defendant customarily furnished for hire or compensation lodging and diet for travelers or sojourners.

And in the fifth count it is described as an ordinary.

The sixth count contains the averment that the defendant kept a certain inn or hotel known as "The Homestead," and was also the owner and proprietor of certain celebrated springs known as the "Virginia Hot Springs," to which said inn and springs the public generally, and especially invalids and infirm persons, were accustomed to resort for the purpose of obtaining the usual accommodations at the inn and partaking of the benefits of the curative and healing properties of the waters of the springs, the defendant having held out the said inn and the said springs to the public as a place of resort and sojournment for health, entertainment, and pleasure, and having held itself out as ready, prepared, and willing to receive, accommodate, entertain, and care for, as guests of its said inn for hire, all such travelers and sojourners as might resort thereto for any of the purposes aforesaid, and especially invalids and infirm persons, to whom defendant recommended and held out the curative and healing properties of the waters of its springs as of great merit and efficiency; that the plaintiff's wife, being an invalid and infirm person, and having been attracted by the defendant's exploitation of its said inn and springs and the general reputation thereof, and having been thereby led to believe that the baths at the defendant's resort would be greatly

beneficial to her, prevailed upon the plaintiff to secure lodgings and accommodations at the defendant's inn and to take and accompany her there, in order that, as a guest of the inn, she might conveniently avail herself of the benefits to be derived from the waters of the springs and the baths connected therewith; and that, on the 15th day of March, 1911, the plaintiff set out from Atlantic City, N. J., together with his wife, and also his daughter, and proceeded and traveled to the defendant's inn, arriving there on the 17th about 1 o'clock a. m., and entered the same, and then and there applied to, requested, and required of the said defendant that it furnish him, the said plaintiff, and his said wife and daughter, with lodgings and accommodations at the said inn, as guests thereof for hire, at the customary rates and charges; but that the defendant, although well knowing that the plaintiff was then and there ready and willing to pay the customary and adequate compensation for such lodgings and accommodations, as well for himself as for his wife and daughter, and well knowing that the plaintiff's wife was an invalid and an infirm person, and that the plaintiff and his wife and daughter had traveled a long distance for the purpose of becoming, in good faith, guests at the defendant's inn, nevertheless, in disregard of its duties and of the plaintiff's rights in the premises, then and there "unlawfully, oppressively, discourteously, and insultingly" declined to allow or to permit them to remain at the said inn, and turned them away in the nighttime, and forced them to go and travel a distance of a mile, in cold and inclement weather, in order to procure lodgings and entertainment elsewhere; whereby the plaintiff was mortified, humiliated, discomfited, and distressed, and the illness of his wife was greatly augmented, aggravated, and increased, and her health greatly injured and impaired, with the result that the plaintiff has lost and been deprived of the comfort, society, and services of his wife, and been forced to incur and expend large sums of money in endeavoring to restore her.

In the seventh count the allegation is simply that the plaintiff and his wife and daughter were unlawfully refused accommodations at the defendant's inn, although the plaintiff was ready, willing, and offered to pay for such accommodations, and were turned away in the nighttime and forced and obliged to quit the inn and travel, in cold and inclement weather, a long distance in order to procure lodgings elsewhere.

In the eighth count it is alleged that they were unlawfully and wrongfully turned away from the inn and refused accommodations, etc.

The ninth count was withdrawn, without prejudice.

[2] It is agreed by counsel that the principal question involved herein is as to whether the court below erred in sustaining the demurrer to the declaration upon the ground that it was not alleged that the defendant had rooms at its inn at the time it refused to accommodate plaintiff, his wife, and daughter.

Among other things, it is alleged that the defendant is an innkeeper and kept a common inn for the purpose of accommodation of the public. Where one thus holds himself out for the entertainment of the

public, the presumption is that he has accommodations.for those who may apply for entertainment.

In the Civil Rights Cases, 109 U. S. 40, 3 Sup. Ct. 43, 27 L. Ed. 835, Justice Harlan, among other things, said:

"The innkeeper is not to select his guests. He has no right to say to one, you shall come to my inn, and to another, you shall not, as every one coming and conducting himself in a proper manner has a right to be received; and for this purpose innkeepers are a sort of public servants, they having in return a kind of privilege of entertaining travelers and supplying them with what they want."

While as a general rule this is true, nevertheless there are instances where an innkeeper would not be required to furnish accommodations. For instance, if one suffering from smallpox, yellow fever, or any other contagious disease should apply for accommodation the proprietor would not be required to accept such person, and ·if upon refusal to do so a suit should be instituted as in this instance, the innkeeper could set up such matter as a defense to the action; but it would not be necessary for the plaintiff to allege that he was in a sound physical condition and free from such diseases in order to state a cause of action. In other words, the plaintiff would not be required to anticipate by allegation any defense that the defendant might interpose to his right to recover.

[3] It is well settled that the plaintiff is not required to go further in his declaration than to state such facts as are necessary to constitute a cause of action, i. e., the declaration must be sufficiently full and explicit to inform the defendant of the nature of plaintiff's claim to enable him to plead to the action.

The rule is well stated in the case of Norfolk, etc., Co. v. Carr, 106 Va. 508, 56 S. E. 276, in which the court said:

"The purpose of a declaration is to inform the defendant of the nature of the demand upon him. The facts must be stated with sufficient certainty to be understood by the defendant, who has to answer them, by the jury, who have to inquire into their truth, and by the court, which has to render the judgment. Wood v. Am. Nat. Bank, 100 Va. 306, 40 S. E. 931; Wheel Co. v. Harris, 103 Va. 708, 49 S. E. 991."

He is not required to allege a fact when the burden of establishing the same rests not upon him, but upon the defendant. It would be manifestly unjust to require plaintiff to allege a fact as to the existence of which he knows nothing, where it appears as it does in this instance that the existence or nonexistence of such fact is wholly within the knowledge of the defendant. The only method by which the plaintiff could have ascertained the facts as to whether the defendant had or had not room for accommodation on the occasion in question would· have been to have gone to the defendant and made demand upon him for full information as to whether, at that time, he had rooms for the accommodation of guests. This request would have undoubtedly been refused, and the defendant would have been justified in withholding such information until required to answer the allegations contained in the declaration.

· We do not .think the plaintiff is called upon to anticipate or avoid any matter of defense which may be made to this action by the defendant.

In the case of Hammer v. Kaufman, Fed. Cas. No. 5997, it was held that it was not necessary for the declaration to contain any allegation as to matters which should come from the defendant. The court, among other things, said:

"But there is another well-settled principle of special pleading that has a direct bearing on this question. It is not necessary to state matter which should come more properly from the other side. . Steph. Pl. 350. The author says the meaning of this is that it is not necessary to anticipate the answer of the adversary. And in 2 Chit. Pl. 223, it is laid down that matter in defeasance of the action need not be stated, and whenever there is a circumstance, the omission of which is to defeat the plaintiff's right of action, prima facie well founded, whether called by the name of a proviso, or a condition subsequent, it must, in its nature, be matter of defense, and ought to be shown in pleading by the opposite party. Now the application of this rule to the question before the court is obvious. The ground of demurrer to the declaration is that the plaintiff does not allege the nonuser of his improvement by the defendants on or after the 1st of March, and that such nonuser, under the agreement, was to release the defendants from their obligation to pay. But clearly this nonuser, if such was the fact, was within the knowledge of defendants more properly than of the plaintiff, and must be set forth as matter of defense by plea. The object of all pleading is to advise the adversary party of what is relied on to sustain or defeat the suit. Now it clearly was not necessary for this plaintiff to notify the defendants of the abandonment of the use of the plaintiff's improvement, on the 1st of March, by an averment to that effect in the declaration; for the plain reason that whether the defendants did or did not cease the use on or before that day was within their knowledge."

[4] We deem it unnecessary to enter into a discussion of the questions as respects the second and fifth counts. The court based its action in sustaining the demurrer to the second count on the further ground that the keeper of a house of private entertainment is not under obligation to receive guests, and as to the fifth count on the additional ground that the keeper of an ordinary is not under obligation to furnish lodging to travelers and sojourners.

The only objection sustained by the court to the remaining counts was the failure to allege that the defendant had rooms at its inn at the time for accommodation of guests, and, inasmuch as we are of the opinion that the court erred in sustaining the demurrer thereto, it becomes immaterial as to the sufficiency of the second and fifth counts, inasmuch as the other counts are abundant to enable the plaintiff to test the liability of the defendant.

The Supreme Court in adopting the new Equity Rules has practically abolished all technical requirements as to pleading. This action on the part of the Supreme Court clearly indicates the trend of judicial sentiment as respects what may be properly termed technical procedure in the preparation and trial of equity cases. While the rules as to common-law pleadings are still in force, yet there is a marked tendency on the part of the courts to dispense with as many technical requirements as possible.

However, we do not wish to be understood as saying that any essential allegation should be omitted from pleadings. The declaration in

the case at bar contains a full and concise statement of the facts upon which plaintiff relies to recover. In our opinion the allegations are sufficient to fully advise defendant as to the matters which it is called upon to answer.

The learned judge who heard this case in the court below filed a very able and interesting opinion, but after a careful consideration of the same we find ourselves unable to concur in his conclusion as to the rule applicable to the facts in this case.

Under the circumstances we do not think the plaintiff should be required to go further and allege matters that from the very nature of this action may be interposed as a defense.

For the reasons stated the judgment of the lower court is reversed, and the case will be remanded, with instructions for further proceedings in accordance with the views herein expressed.

Reversed.