## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Sandra Jean Haney Farrow,
an infant, etc.

v.

Walter C. Carlton
and Benjamin Warner Pritchett

March 29, 1962

BY JUDGE JOHN D. BUTZNER, JR.

This memorandum is concerned with the motions of the defendants to set aside the verdict of the jury awarding the plaintiff damages in the amount of $25,000.00 in a suit arising out of an automobile accident.

The memorandum filed on behalf of the defendant Carlton concisely and fairly states the facts as follows:

This automobile accident occurred on August 24, 1960, at about 7:15 p.m. on route 208, two miles east of the Courthouse at the entrance to a lane leading to the Gayle Farm. A Buick car driven by Virgil Thomas Farrow, Jr., and occupied by the plaintiff, Sandra Haney Farrow, and a Mercury car driven by Benjamin Warner Pritchett and occupied by Constance Tondreau were both proceeding towards Fredericksburg. A new Chevrolet car driven by the defendant, Walter C. Carlton, was proceeding towards the Courthouse on the same route, and Mr. Carlton intended to make a left turn into the lane to the Gayle Farm where he lived. It was dark and all three cars had their headlights on. All three cars arrived at the lane at about the same time. Mr. Carlton attempted to make his left turn, and his car was struck on the right front end by the front of the Buick driven by Mr. Farrow. The Carlton car was thrown back towards Fredericksburg a distance of 70 feet. The Farrow car was thrown around exposing its right side to the front of the Mercury driven by Mr. Pritchett with a

resulting collision. The Pritchett car stopped 30 feet beyond the Carlton car, and the Farrow car stopped 30 feet beyond the Pritchett car.

There can be little question that the evidence is sufficient to sustain the verdict of the jury that both defendants were negligent. The original point of impact occurred in the proper lane of travel of the car in which the plaintiff was riding. (T. 25, 40, 47, 95, 108.) Farrow, driver of the car in which the plaintiff was traveling, testified that Carlton appeared to be in Farrow's lane and made a left turn without a signal. (T. 48.) Also, from Carlton's testimony (T. 112-127), the jury could find that he was negligent in making his turn. He contended he was confronted by a sudden emergency, and the jury, at his request, was instructed on this phase of the case. (Instruction 9.)

Pritchett's negligence was established by his own testimony. (T. 78-100.)

The defendants contend that the plaintiff was guilty of contributory negligence. Consideration of this phase of the case requires an examination of the defense pleadings.

The defendant Pritchett pleaded contributory negligence in the grounds of defense filed on his behalf by his guardian ad litem. On Pritchett's motion, Instruction 1 was amended to include the issue of contributory negligence with regard to the case against him. The Court is of the opinion that no contributory negligence as a matter of law was shown by the evidence. With regard to Pritchett, the issue was settled by the jury's verdict.

The situation regarding the defendant Carlton is somewhat different. In his grounds of defense, he alleged that Farrow was the agent of the plaintiff and that the contributory negligence of the agent barred her recovery. Agency was denied by affidavit. No evidence supporting agency was offered, and agency was not an issue in the trial of the case. Indeed, Instruction 4 to the effect that Farrow's negligence could not be imputed to the plaintiff was given without objection and became the law of the case.

Carlton did not allege that the plaintiff herself was guilty of contributory negligence, nor did he seek to amend his grounds of defense. He does contend, however, that the defense was available to him because of her evidence. He has raised this defense in two respects: first, by a motion to strike the plaintiff's evidence on the ground that the plaintiff was guilty of contributory negligence as a matter of law by reason of her failure to protest Farrow's driving; and secondly, by Instruction J, which the Court refused.

The first question to decide is whether contributory negligence was available to Carlton as a defense. This requires an examination of the plaintiff's evidence. Rule 3:18(h) of the Supreme Court of Appeals provides:

"Contributory negligence shall not constitute a defense unless pleaded or shown by the plaintiff's evidence."

The plaintiff introduced six witnesses. Two of these were doctors, who of course gave no testimony about the accident. Another witness was Mrs. Ruth Haney, plaintiff's grandmother, whose testimony was limited to plaintiff's physical condition. State Trooper S. T. Green testified about the scene of the accident, the position of the cars when he arrived, and a statement made by Pritchett admissible only against Pritchett. (T. 21-42.) The next witness for the plaintiff was Farrow. The gist of his testimony was that he was driving within the speed limit, that he passed Pritchett at a place in the road where passing is permissible and was back in his own lane when the collision with Carlton occurred. He denied racing Pritchett and stated he did not know Pritchett. (T. 43-54.) The plaintiff testified in her own behalf. (T. 55-74.) Briefly, her testimony was that Farrow was driving at about fifty to fifty-five miles an hour. She did not recall anything about the impact of the accident.

After the plaintiff rested, Carlton called Pritchett as an adverse party. (T. 78-100.) Pritchett testified that shortly before the accident, he was driving eighty to ninety miles an hour and that Farrow was passing him. He stated he was racing with Farrow. Carlton next called Mrs. Pritchett (T. 101-109) whose evidence was similar in most respects to her husband's. Next, Carlton, with leave of Court, recalled the plaintiff for further cross-examination (T. 109-111) and asked her if she protested to Farrow about how fast he was going and about driving on the left side of the road. She answered that she did not.

It is the plaintiff's testimony that she failed to protest which Carlton contends makes the defense of contributory negligence available to him. This contention, however, fails to bring the case within Rule 3:18(h). When the plaintiff's evidence is examined, it is apparent that from this evidence, no protest was required and no contributory negligence was shown. It is only by the evidence of defense witnesses, Mr. and Mrs. Pritchett, that lack of protest could become a basis for contributory negligence. The testimony of defense witness does not bring the case within the rule. The rule is clear and unambiguous. The defendant Carlton has cited no case supporting the interpretation of the rule that he urges. In *Pointer v. Green*, 193 Va. 757, 761, 71 S.E.2d 155, 158 (1952), the Supreme Court of Appeals applied the rule just as it was written. There, contributory negligence was not pleaded, and the evidence of the plaintiff did not show that the plaintiff was guilty of contributory negligence. Consequently, the trial court erred in granting any instruction on contributory negligence.

The Court excluded contributory negligence in the case at bar because of Rule 3:18(h). It should be observed, however, that the evidence did not show

as a matter of law that the plaintiff was guilty of contributory negligence. To strike the plaintiff's evidence on the ground of contributory negligence as urged by Carlton, the Court would have to determine the credibility of the witnesses since the evidence of the plaintiff and the evidence of the defendants were almost complete opposed. When reasonable men can differ concerning the evidence, the Court cannot usurp the function of the jury by granting a motion to strike. In passing, it may also be noted that Instruction J by which Carlton also sought to raise the question of contributory negligence entirely omits the question of whether Farrow's negligence, if any, had any causal connection with the accident.

The next question concerns the cross-examination of the plaintiff with regard to the motion and amended motion for judgment. In order to understand this phase of the case, it is necessary briefly to review the pleadings. The plaintiff was an infant, fifteen years of age at the time of the accident, and seventeen years old when the case was tried. She sued by her father and next friend. The defendants were Carlton, Farrow, and Pritchett. The motion for judgment alleged Farrow exceeded the speed limit and that Farrow and Pritchett were racing despite her protestations. Farrow demurred to the motion for judgment on the ground that it did not allege gross negligence. Without joining issue on the demurrer, the plaintiff begged leave to amend, which was granted. The amended motion for judgment charged Farrow with gross negligence. Farrow thereafter filed his grounds of defense denying the allegations made against him.

Before the case came to trial, the plaintiff and Farrow married. Farrow, on his motion, was dismissed as a defendant.

Carlton sought to cross-examine the plaintiff on the pleadings. The scope of the cross-examination he requested is set forth by his counsel's statement on page 69 of the transcript as follows:

I do not desire to read the pleading to the jury. What I want to do is ask Mrs. Farrow didn't she file suit against Mr. Farrow before she married him and wasn't that suit dropped as a result of her being married to him and didn't she accuse him of racing, in the third paragraph of this pleading, didn't she charge him with racing and exceeding the speed limit.

The Court allowed Carlton to show that Farrow had been named as a defendant, that the plaintiff and Farrow later married, and that Farrow was later dismissed because the plaintiff could not maintain the suit against her

husband. Carlton excepted to the ruling of the Court that he could not show that she alleged Farrow was racing and exceeding the speed limit.

No case precisely on point has been cited to the Court. Carlton relies principally upon *Burch v. Grace Street Bldg. Corp.*, 168 Va. 329, 191 S.E. 672 (1937). In that case, the plaintiff was cross-examined on a prior inconsistent pleading. The Supreme Court of Appeals held that a prior inconsistent pleading may be used to discredit the present claim of a party and that a party may not assume successive inconsistent or contradictory positions. In his brief filed on the motion, Carlton urges that under the authority of the *Burch* case, the plaintiff is bound by her pleadings and the defendants should be dismissed.

The chief difficulty with applying the *Burch* case to the case at bar is the distinction between the plaintiffs in the two cases. In the *Burch* case, the plaintiff was an adult; in the case at bar, the plaintiff is an infant. *Kirby v. Gilliam*, 182 Va. 111, 28 S.E.2d 40 (1943), is a leading case on the function and position of both the next friend and the infant. There, the Court pointed out that even a stranger could serve as next friend, and the consent of the infant is not necessary. Since this is so, it would seem to follow that an infant is not bound by the allegations of the motion for judgment.

The use of the motion for judgment to discredit the infant's testimony presents a slightly different question. Undoubtedly, an infant can be cross-examined on a prior inconsistent statement. That, however, was not the issue presented to the Court. Carlton insisted he had a right to show that the plaintiff charged in her pleadings that Farrow was racing and exceeding the speed limit. (T. 67-69.) It was to this offer of proof that the plaintiff objected (T. 68-69), and it was on this issue that the Court sustained the objection. Carlton never sought, either in the presence or absence of the jury, to lay any foundation for the introduction of this evidence other than the pleadings themselves.

Carlton's position is made clear by the first ground for his motion to set aside the verdict contained on page 5 of the memorandum submitted on his behalf:

> The Court refused to allow the defendant, Carlton, to discredit the plaintiff in regard to her testimony that Mr. Farrow was in no way negligent in the operation of his automobile, *by showing her prior inconsistent position and charges against Mr. Farrow, as contained in the Motion for Judgment and the Amended Motion for Judgment.* [Italics added.]

Again on page 13 of the memorandum, it is urged on behalf of Carlton: "It was clearly error for the Court to refuse to permit the defendant, Carlton, *to use the pleadings to discredit the plaintiff.*" [Italics added.]

In *Bank of Alexandria v. Patton*, 40 Va. (1 Rob.) 499, 535 (1843), Mr. Justice Baldwin speaking of an answer of a guardian ad litem for infants stated:

> and it cannot be used against them as having been made by their guardian ad litem, for no rule is better settled than an answer of an infant by guardian cannot be read against him at all, *for any purpose.* [Italics added.]

The Court is of the opinion that the principles expressed by Mr. Justice Baldwin are controlling in this case. It would indeed be inconsistent to hold that in a case in which an infant plaintiff sues an infant defendant, that the answer cannot be read against the infant defendant for any purpose but that the motion for judgment can be used to bind or discredit the infant plaintiff. This conclusion is not contrary to *Gimbert v. Norfolk and Southern R. Co.*, 152 Va. 684, 148 S.E. 680 (1929). There the Court held that a decree was binding on the infant. That case is not concerned with the issues presented in the case at bar.

It should also be noted that the allegations Carlton sought to introduce concerned only the negligence and gross negligence of Farrow. Carlton was not seeking to show any inconsistent position that the plaintiff took in regard to Carlton himself, which was the situation in *Burch v. Grace Street Bldg. Corp., supra*. Farrow, however, had been dismissed as a defendant, and under the law of the case (Instruction 4), his negligence could not be imputed to the plaintiff. In the memorandum filed on his behalf, Carlton notes that the plaintiff alleged that she protested Farrow's driving, and the defendants should be able to discredit her by the pleadings in this regard. This contention is without merit for the reasons stated above. Moreover, a careful examination of the transcript shows that Carlton did not seek to do this in the trial of the case. There, he insisted solely on his right to show the allegations concerning Farrow's negligence. The Court, however, did permit the plaintiff to be recalled and cross-examined on whether she made any protest. (T. 110, 111.)

Carlton objected and noted his exceptions to the refusal of the Court to give Instructions C, D, E, F, G, I, and J.

The law contained in Instruction C was given in Instruction 8.

Instruction D was simply a plaintiff's instruction offered by Carlton. It served no purpose for Carlton other than to multiply instructions and to that

extent confuse the jury. The negligence it mentioned was included in Instruction 8.

Instruction E was without evidence to support it. There was no evidence that Farrow attempted to pass at the crest of a hill where his vision was obscured. (T. 88, 93, 94.) There was some evidence that he started to pass on a broken line and got back on the right side of the road over a solid line. (T. 88, 93.) This was covered in Instruction 8. Moreover, as far as Carlton was concerned, Instruction E simply stated that if he was without negligence, the jury should find in his favor. This was covered in Instructions 6 and 8.

Instruction F was simply a plaintiff's instruction offered by Carlton against Pritchett. Its refusal could not prejudice Carlton. It, too, was covered by Instruction 8.

Instruction G was covered by Instruction 8. Moreover, as far as Carlton is concerned, it simply states that, if Carlton was without negligence, the plaintiff cannot recover against him. This principle of law was covered in Instructions 6 and 8.

Instruction I, as far as Carlton was concerned, simply stated that, if he was without negligence, the plaintiff could not recover against him. This was covered by Instructions 6 and 8.

Instruction J dealt with contributory negligence. As mentioned above, it was refused because Carlton failed to plead contributory negligence, and the plaintiff's evidence failed to disclose it. In this connection, it is significant that in Instructions D and F offered by Carlton against Pritchett, Carlton made no claim of contributory negligence.

The Court fully instructed the jury on the defendant's theories of the case. It did, however, refuse instructions that simply restated these theories and added a multiplicity of instructions. See *Seaboard & R.R. Co. v. Vaughan*, 104 Va. 113, 119, 51 S.E. 452, 454 (1905);*Savage v. Nute*, 180 Va. 394, 404, 23 S.E.2d 133, 138 (1942).

Carlton also objected to Instruction 3. The only definite ground stated was that it failed to take into consideration the theory of sudden emergency. The Court did give an instruction on sudden emergency, Instruction 9. It has not been the practice to engraft sudden emergency instructions on plaintiff's instructions. Moreover, the Court instructed the jury that no one instruction was more important than any other and that no one instruction set forth all the law, but the instructions taken together set forth the law. (T. 151.)*Interstate Veneer Co., Inc. v. Edwards*, 191 Va. 107, 60 S.E.2d 4 (1950), discusses the principles expressed in Instruction 3.

The objections to Instruction 5 are without merit. The plaintiff had a number of injuries, including an injured trachea. (T. 8, 12, 13, 15, 18.) At the

time of the trial, her voice was abnormal. (T. 19, 58, 76.) This abnormality was quite apparent to the Court and jury. The jury could find that the peculiar, unnatural quality of her voice would be a source of embarrassment and humiliation to a girl of seventeen. There was also evidence that her health was impaired. (T. 59, 60, 61, 76.)

For the reasons stated from the bench and set down in this memorandum, the Court is of the opinion that the defendants' motion to set aside the verdict should be overruled.